McCORD v. WILLIAMS & LOVE.

1. Unliquidated damages cannot be the subject of a set off.
2. Damages resulting from the breach of a contract, are unliquidated, when there is no criterion provided by the parties, or by the law operating on the contract, by which to ascertain the amount of the damages.

Error to the Circuit Court of Lowndes.

This was an action of assumpsit commenced in the Circuit Court of Lowndes county by the plaintiff in error, against the defendants in error.- The declaration is in the usual form on the common counts. Pleas, non-assumpsit, payment, set off, and former recovery. The jury found a verdict for the defendants; and certified a balance in their favor of four hundred and fifty dollars twenty-five cents, for which amount the court rendered a judgment against the plaintiff.

It appears from a bill of exceptions, that the plaintiff proved the furnishing certain corn to defendant Love's negroes, and corn and fodder to his horses, in the Summer and Fall of 1836, and in the absence of defendant. In defence, it was proved that the plaintiff, for a valuable consideration, agreed to rent the defendant, Love, eighty acres of cleared land, for his hands to make a crop on in 1836—to have cleared for him, if practicable, twenty acres, to be put in corn—that defendant Love left the State early in 1836, placing the direction of his negroes &c., under the plaintiff—that only forty acres of cleared land were assigned to Love's force—no land cleared; and all the forty acres put in cotton. It was proved that the force of defendant, Love, worked both crops in common, the crop of plaintiff, and that of Love; and it did not appear that this was from contract. The proof tended further to shew that, the crop of the plaintiff, cotton and corn in proportion to his force, was much larger than that of Love. The plaintiff objected to the admissibility of the proof of the contract as above stated, and moved the court that it be excluded ; but the judge refused, the defendant seeking alone a discount or set off, for the unfair application of

his force, if any, and not seeking any thing for not clearing the twenty acres, or for not assigning more than forty acres to his hands. To this decision, the plaintiff excepted. The plaintiff then moved the court to charge the jury, that as the proof showed unliquidated damages, if any, in favor of defendant Love, it could not be made the subject of a set off in this suit; which the court refused, and charged, that if the jury believed the plaintiff had put in less crop for defendant, with a view of increasing his own, and had applied the force of Love to his, plaintiff's own crop, in an undue proportion, with a view of increasing his own product at the expense of Love, then they might take this into consideration in forming their verdict. To all which, plaintiff excepted, and now assigns for error, the matters of law, arising out of the bill of exceptions.

J. B. CLARKE, for plaintiff in error, submitted the cause without argument.

DARGAN, for defendant in error.

ORMOND, J.—The contract which is set out in the bill of exceptions, might have shown that the plaintiff could not recover, if the corn and fodder, which it is said he furnished for the use of defendant's negroes and horses, was furnished under the contract; but it is most obvious, that the defendant could not recover, in this action, damages for a breach of the contract on the part of the plaintiff. Yet this has, in effect, been done in this case by giving judgment against the plaintiff on the plea of set off. If it were admitted that the defendant could abandon that portion of the contract, by which the plaintiff agreed to clear twenty acres of land, it would be still a pure question of unliquidated damages. To show this, it is only necessary to refer to the charge of the court, which instructs the jury to enquire, whether the *plaintiff had put in less crop for defendant with a view of increasing his own, and had applied the force of Love to his, plaintiff's own crop, in an undue proportion, with a view of increasing his own product, at the expense of Love,* and that if such were the fact, they might consider it in forming their verdict. The damages resulting from the breach of a contract, are unliquidated, when there is

no criterion provided by the parties, or by the law for its ascertainment. Now, the damages which the defendant was entitled to, for a breach of this contract, depended on a great many contingencies, and facts which are to be made out by proof, which might influence and operate differently, on different minds. In a word, it was altogether uncertain, and could only be ascertained and rendered certain by the verdict of a jury, it was therefore *unliquidated,* and could not be the subject of a set off [see Dunn, use &c. v. Wheeler & McCurdy, 1 Ala. Rep. (N. S.) 645.]

The judgment must be reversed and the cause remanded.