George v. Cahawba and Marion Rail Road Company.

## GEORGE v. CAHAWBA AND MARION RAIL ROAD CO.

1. A set off cannot be pleaded to an action for unliquidated damages, arising out of the breach of a contract, in refusing to permit the plaintiff to perform services which he had contracted to perform.

2. When the plaintiff declares in assumpsit on one count for unliquidated damages, also on the common counts, to which the defendant pleads a general plea of set off, upon which issue is taken, and offers evidence to sustain this plea, it is error in the Court to instruct the jury, that the action was subject to, and could be set off, as the effect of such a charge is to preclude the jury from finding a separate verdict upon the different counts, which would enable the plaintiff to remedy the mispleading.

3. When one contracts to perform work for another, at a stipulated price, and is prevented by him from entering upon the performance, the measure of damages is the difference between the cost of performing the work by the party agreeing to do it, and the price agreed to be paid for it; in other words, the profits the party would have made.

Writ of Error to the Circuit Court of Dallas.

Assumpsit by George against the Rail Road Company. The declaration, besides the common counts, has one, in which the plaintiff counts on a special contract between himself and the Company, by which he was to perform certain work, and labor, on the road, for certain compensation to be paid him. The work to be done was, the excavation and grading of the 11th and 12th sections of the road, for which the plaintiff was to receive twenty-five cents per yard, for excavating, and twenty cents per yard for grading. The count avers, that plaintiff entered upon the

performance of the work, but that the defendant would not permit, or suffer him to complete the same.   It concludes with alledging, that thereby the plaintiff has lost, and been deprived of, the profits and advantages, which otherwise he would have deserved and acquired.

The defendant pleaded—1. *Nul tiel corporation.*   2. Nonassumpsit.   3. Payment and set off.   These pleas are pleaded by their names only, in short, by consent of parties, and there is a joinder of issue in the same manner.

At the trial, the plaintiff, with the leave of the Court *nol pros'd* the common counts of his declaration.   The defendant, under the plea of set off, pending the trial, introduced as a set off, four instalments of plaintiff upon his stock, as a corporator of the Company, amounting to $400; the evidence in relation to which, before the argument of the case commenced, the plaintiff moved to exclude from the jury, upon the ground, that the action was for unliquidated damages, and was not subject to set off.   This motion the Court refused to grant, and allowed the jury to act upon the evidence, and charged them, that said action was subject to, and could be set off.

The plaintiff asked the Court, to instruct the jury, that the measure of damages, in this case, was the amount which the defendant, by the contract, would have had to pay the plaintiff, on the completion of his part.   This charge was refused, and instead, the jury was instructed, that the measure of damages was, the profit which the plaintiff reasonably would have made, on the said contract.

These several matters were excepted to by the plaintiff, and are now assigned for error.

G. W. GAYLE, for the plaintiff in error, insisted—

1. That it was error not to exclude the set off, the action being for unliquidated damages. [McCord v. Williams, 2 Ala. Rep. 71.]

2. The contract declared on was special, or entire, and the plaintiff should have been permitted to recover the whole amount of the contract, subject to set off.   [Cavender v. Funderburg, 9 Porter, 460; Pettigrew v. Bishop, 3 Ala. Rep. 440; Story on Con. 10, § 17.]

George v. Cahawba and Marion Rail Road Company.

Evans, contra, argued—

1. The record does not disclose the particular circumstances of the proof, made by the plaintiff, and therefore the question, whether the defendant's set off could be allowed against unliquidated damages, does not arise. The right to set off, against a special count, exists whenever a recovery on the contract could be had, under the common counts. [Chitty on Con. 332.] It is not necessary the debts offered to be set off, should be of the same nature, so that they are *mutual* debts. [Chitty on Con. 228.]

2. As to the measure of damages, he cited Shannon v. Comstock, 21 Wend. 457 ; 3 Greenl. 51 ; Mahan v. Cooper, 4 Ala. Rep. 660.

GOLDTHWAITE, J.—1. The question in this case, of the right to set off the instalments, due to the Rail Road Company, by the plaintiff, against his action, is not one of difficulty. The general rule in relation to set off is, if the moneys sought to be recovered under a special contract, for damages, may be recovered under the common counts, then the defendant may set off. [Chitty on Con. 332 ; see also, McCord v. Williams, 2 Ala. Rep. 71.] Let us test the plaintiff's special count by this rule. He does not pretend that any thing is due him for the services actually rendered, though the assertion is made, that he entered on the performance of his contract. The sole ground of his action is, that the defendants would not permit, or suffer, him to proceed, by reason of which, he lost the profit he otherwise would have made. It is impossible to say, that evidence of the violation of the contract in this particular, could be given in evidence on the common counts. We think it clear therefore, that a plea of set off, to the special count, would be considered bad if demurred to.

2. But such is not the condition of the record ; issue was joined on the plea, and however irregular or insufficient, the defendant had the right to insist on evidence applicable to it. If then, the Court had gone no farther, than to refuse the plaintiffs motion to exclude the evidence of set off, it would be the same as Watson v. Brazeal, at this term, where we held, that the truth of the issue, and not its effect, was the matter to be ascertained by the trial. [See also, Purdom v. Hazard, 3 Porter, 43 ; Cullum v. Bank, 4 Ala. Rep. 21,] Independent, however, of the refusal to exclude

the evidence of set off, the Court charged the jury, that the action was subject to, and could be, set off. The effect of this, was to preclude the jury from rendering a separate verdict upon the issues submitted to them, which they had the right to do, and which, if they had done, the injury arising to the plaintiff from the mispleading, might have been obviated, by rendering a judgment *non obstante veredicto.* We come to the conclusion then, that the charge of the Court, in this respect, is erroneous, and as injury has resulted to the plaintiff, the judgment, for this, must be reversed.

3. It yet remains to consider the question made, with respect to the measure by which damages are to be ascertained upon this contract. It is perhaps impossible to ascertain any one rule which will cover all classes of contracts, in regard to the damages which may be awarded to the injured party; but we think it clear, the one proposed by the plaintiff, was not proper to the circumstances of the case, as disclosed by the pleadings, and we are entirely ignorant of the proof. If the work had been performed, a certain price was to have been paid, but this price is not the measure of damages, because it is evident, the cost of the work to the plaintiff, would necessarily have been something. The difference, then, between this cost, and the price agreed to be paid—in other words, the profits which he would have made, is the general measure by which to ascertain the damages. [Shannon v. Comstock, 21 Wend. 457.] This indeed, is the measure which the plaintiff himself has indicated, when he says, that by the defendant's breach of the contract, he has been deprived of the profits and advantages which otherwise he would have acquired. There is no error in this particular.

For the error however already noticed, the judgment must be reversed, and the cause remanded.