## BOHANNON v. SPRINGFIELD.

1. To make out a case of bailment, there must be a contract, either express or implied, and the mere taking by an overseer of cotton seed left by the former occupant on the plantation of the employer of the overseer and the use of it by his direction, will not support a declaration by the owner of

the cotton seed, against the overseer for the value of it, as upon a bailment to him.

Writ of Error to the County Court of Marengo.

THIS suit originated in a justice's court, and was removed by *certiorari* to the County Court, where Springfield declared against Bohannan for the value of a lot of cotton seed, alledged to have been delivered to the defendant and not redelivered on demand.

At the trial, it was proved by the defendant, that the plaintiff, in the year 1844, cultivated a portion of one Tayloe's plantation, ginned his cotton there, put his cotton seed in a pen, on the said plantation, and left the cotton seed thereon, when he delivered the plantation to the defendant as the overseer of Tayloe, about the first of the year 1845. ' That Tayloe employed the defendant as his overseer, for the year 1845, and that he in that capacity went on the plantation, conducted and managed the business thereon, and planted thereon the said cotton seed, together with other cotton seed, which also was on the premises and that he was directed so to do by Tayloe.

On this evidence the defendant moved the court to instruct the jury, that if the plaintiff left his cotton seed on the plantation and premises of Tayloe, when he delivered the possession to Tayloe, and that if the defendant went upon the plantation, and carried on business there, as the overseer of Tayloe, the cotton seed remaining there, without any agreement with defendant, it was not a bailment by the plaintiff of the cotton seed to the defendant, as bailee, and that the defendant, as bailee, was not liable to the plaintiff for the same. Also, that if the defendant was employed by Tayloe, and put on the plantation as his overseer and planted the cotton seed for him, the same then being on the plantation, he, the defendant, was not liable to plaintiff for the same.

These charges were refused, and the defendant now asassigns the refusal as error.

W. E. CLARKE, for the plaintiff in error.
KIRKSEY, contra.

GOLDTHWAITE, J.—The merits of this cause lie in a very narrow compass ; the plaintiff declares as on a bailment of the cotton seed to the defendant, and in order to support his declaration, must show either an express contract to re-deliver it, or circumstances from which a contract may be implied, as all bailments are said to be contracts between the bailor and bailee.   The proof, however it might sustain another form of action, if a taking or conversion by the defendant, is shown, fails in establishing either an express or implied contract, to re-deliver the cotton seed, and consequently the charges requested should have been given.

Judgment reversed and cause remanded.