# BRAZIER v. FORTUNE.

1. B consulted a lawyer as to the means of avoiding responsibility for the costs of several suits, which F had instituted in his name, who advised that a motion be made to the court to compel F to give security. In the course of the conversation, B remarked, that he had four or five hundred dollars of the money of F in his hands. Held, that this was a privileged communication.

2. The defendant may set off against the demand of the plaintiff, money, which, before the commencement of the suit, he had been compelled to pay, on suits instituted in his name, by the plaintiff, without his consent.

3. An agent who receives notes to be deposited with an attorney for collection, but collects the money himself, is not entitled to insist on a demand before suit against him.

Writ of Error to the Circuit Court of Lowndes.

ASSUMPSIT by the defendant, against the plaintiff in error.

Pleas, non-assumpsit, with notice of set off, and the statute of limitations.

Upon the trial, as appears from a bill of exceptions, the plaintiff offered in evidence, a paper executed by the defendant to him, acknowledging the receipt of certain promissory notes, to be placed in the hands of some responsible person for collection, which receipt was to be given up, when the receipt of the attorney at law, or magistrate, for the collection of the amount due upon the notes, was produced to the plaintiff. The defendant objected to this as evidence, upon a count for money had and received, but upon the plaintiff stating, that he expected to prove that the money had come to the defendant's hands, and that if he did not, he would not insist on the evidence, the court permitted it to go to the jury.

It further appeared in evidence, that the plaintiff had brought some suits in the name of the defendant, for his (plaintiff's) use, but without the consent of the defendant, and that he being apprehensive about the costs, applied to an attorney at law, who advised that an application should be made to the court, to require the plaintiff to give security for the costs, and whilst speaking on the subject of being indemnified against the costs, stated to the attorney, that he had four or five hundred dollars of plaintiff's money in his hands. This remark was made in the presence of another person. The court ruled that this was not confidential, and permitted it to go to the jury, to which the defendant excepted.

The defendant also proved, that a motion was made, that the plaintiff give security for the costs, or that the suits so brought be dismissed, and that at the next term of the court, all the suits were dismissed. That the plaintiff prosecuted writs of error thereon, to the supreme court, without the consent of defendant ; that the writs of error were dismissed, and the whole costs of the circuit and supreme courts, amounting to $570 97, were paid by defendant, before this suit was commenced. The plaintiff objected to this evidence, and it was sustained by the court, to which the defendant excepted.

The plaintiff prayed the court to charge the jury, that although the defendant had received the money of the plaintiff as agent,

yet if he converted it to his own use, by the payment of the costs, without the knowledge or consent of plaintiff, no demand was necessary ; which charge the court gave and the defendant excepted.

Also, that if the receipt in evidence only authorized the defendant to hand over the notes to an attorney for collection, and he failed to do so, but collected the money himself, as he was not an agent to collect, no demand was necessary, which charge the court gave, and the plaintiff excepted. All the matters are assigned as error.

T. WILLIAMS, for the plaintiff in error.

G. GAYLE, contra.

ORMOND, J.—In the case of the State v. Marshall, 8 Ala. 302, we had occasion to consider the law, in respect to privileged communications, by clients to their attorneys, and we then held the test to be, that the communication must be made "professionally." As it is not every communication made by a client to his attorney which cannot be divulged by the latter as a witness, it necessarily follows, that whether the fact was communicated *professionally* or not, must depend upon the circumstances of the case, considered in connection with the fact disclosed ; and accordingly, in the case cited, we held, that the attorney could not be excused from giving testimony of the fact disclosed, the circumstances, and the fact itself affording evidence that it was not communicated professionally to the attorney.

In my opinion, such is the fact in this case. The attorney had been called on by the plaintiff in error, to write an affidavit, to enable him to make a motion requiring Fortune to give security for the costs of several suits, which the latter had instituted in his name, and in the course of the conversation, stated, that he had four or five hundred dollars of Fortune's money in his lands. It appears to me, that this was a mere casual remark, having no connection with the matter upon which he was consulting the attorney, and whether considered in reference to the matter itself, or the manner in which it was communicated, in the presence and hearing of another person, cannot be considered as having been communicated

professionally. I admit that the circumstance, that the conversation was had in the presence of others, is not conclusive, but it is at least entitled to some weight; as men are not in the habit of consulting with their lawyers, in the presence and hearing of the attorney of their adversary, as was the fact here. But my brothers think that the rule should be liberally expounded, and that it may be fairly considered, that this remark was made in reference to the subject upon which the consultation was had, and with which it has some, if not a necessary connection, and should have been excluded from the jury.

We all agree, that the court erred in deciding that the evidence offered was not admissible, under the plea of set off. A set off is in the nature of a cross-action, and whenever the party offering the set off, could maintain debt, or *indebitatus assumpsit*, upon it, against his adversary, if it existed at the commencement of a suit, it may be set off. The matter here offered to be set off, was money, which the defendant had been compelled to pay, as costs upon suits which the plaintiff had instituted in his name, without his consent, and it is perfectly clear, he could have maintained assumpsit for the amount so paid, as for money paid, laid out, and expended, for the use of the plaintiff. Such being the case, he had the right to set it off against the plaintiff's demand.

The defendant's agency being to place the claim in the hands of an attorney for collection, and having collected the money himself, no demand was necessary previous to a suit against him for the money.

For the errors previously noticed, the judgment must be reversed and the cause remanded.