## SMITH AND CRAWFORD, Ex'rs, v. HUIE, Adm'r.

1. A demand for the value of corn *delivered*, may be pleaded as an off set, though the price of the corn had not been agreed on.
2. When the plaintiff does not rely upon the statute of non-claim as an answer to the plea of set off, but merely takes issue on the plea, the presentment of the claim relied on as a set-off is not put in issue.

Error to the County Court of Autauga.

Assumpsit by the plaintiffs in error, before his Honor H. Brown.

The declaration contains the common counts: to which the defendants pleaded in short, by consent, "*non-assumpsit*, payment, set off, and statute of limitations, and that said supposed claim was not presented to said administrator within eighteen months after the grant of administration."

Upon the trial, as appears from a bill of exceptions, the defendant offered as an off set to the plaintiff's demand, an open account for $240, being the value of certain corn, alledged to have been sold by Pollard, the defendant's intestate, to McNeil, the testator of plaintiffs. The plaintiffs objected to the testimony, unless it was shown that the price of the corn had been agreed on by the parties, and the claim in some way liquidated, and its amount ascertained. Also, because the same had not been presented to the administrator, within eighteen months after the grant of letters testa-

mentary. The court overruled the objection, and the testimony was admitted.

In the progress of the cause, it appeared, that this suit had been instituted in the time of McNeil, and that before his death this same account had been pleaded by the defendant as an off set, in this action, to the plaintiff's demand. And the defendant moved the court to charge, that in as much as the same account had been pleaded as an off set to the plaintiff's demand, in the lifetime of the plaintiff, it was unnecessary it should have been presented to the representative of the plaintiff, after his death, in order to avoid the bar of the statute. This charge the court gave, and the plaintiff excepted. These matters are now assigned as error.

J. A. ELMORE, for the plaintiffs in error.

1. The set off introduced was unliquidated, and could not be so used. McCord v. Williams & Love, 2 Ala. 71; Handley v. Dobson's adm'r, 7 Ala 359.

2. The record shows, that the only plea which can embrace the claim on which defendant relied, was in short, "set off." Is this a presentation? Jones's Ex'rs v. Lightfoot, 10 Ala. 18.

F. BUGBEE, contra.

A contract for the delivery of goods may not be a good set off, because of the uncertainty—a contract to deliver corn in December, the corn was then perhaps worth twenty-five cents—the next summer corn is worth perhaps one dollar. May not the plaintiff elect to take the highest price before action brought?

But goods sold and delivered, is a good set off. Any matter for which *indebitatus assumpsit* will lie, may be a good set off. The general practice of this state, from its earliest history admits it. The forms of pleading prove it. See Chitty's Pleading, tit. Set Off; Saunders's Pl. & Ev. 701; 4 Camp, 384; 5 B. & A. 95; Eland v. Karr, 1 East, 375; 2 T. R. 32; 1 Bing. 311-3; 1 W. Blk. R. 394; Peake's Rep. 641; 4 B. & C. 547; 1 How. Miss. R. 547; 1 Hayw. N. C. 476; 1 Marsh. Ky. Rep. 19, 41; 3 Ib. 34.

In 1 East, the goods were sold at reduced prices for ready

Smith and Crawford, ex'rs, v. Huie, adm'r.

money. The court say the jury should allow the advanced value for not paying in hand.

In 1 Haywood, and 2 Yerger, the court say, that any matter for which *indebitatus assumpsit* will lie, is the proper subject of set off.

Any number of cases in which the principle is admitted without contest might be found.

COLLIER, C. J.—1. Our statute of set off provides, that "In all cases where there are, or shall be mutual debts subsisting between the plaintiff and defendant, or if either party sue or be sued as executor or administrator, where there are mutual debts subsisting between the testator, or intestate, and either party, one debt may be set against the other, either by being pleaded in bar, or given in evidence on the general issue, or notice given of the particular sum intended to be set off, and on what account the sum is due, notwithstanding such debts may be deemed in law to be of a different nature," &c. Clay's Dig. 338, § 141. This enactment is substantially a transcript of the 2 Geo. II, ch. 22, § 13, and 8 Geo. II, ch. 24, § 4, 5; Montague on set off, Am. ed. of 1806, p. 16; Dunn v. White and McCurdy, 1 Ala. Rep. 645, and therefore the decisions upon the English statutes furnish rules for its construction.

In Howlet v. Strickland, Cowp. Rep. 56, it was said, that the statutes cited relate to mutual debts, and do not embrace unliquidated or uncertain damages; but such demands as may be recovered in an action of *indebitatus assumpsit*. The debt claimed, and the debt to be set off, must be a *money demand* of a *liquidated nature*, for which debt, or *indebitatus assumpsit* will lie. A set off cannot be allowed in assumpsit, for general damages. 2 Saund. on Plead. & Ev. 313; 1 Esp. Rep. 378; 3 Camp. Rep. 329; 6 M. & S. R. 439; 5 Id. 442; 2 T. Rep. 32. But where the defendant may recover under the common counts, his set off will be allowed, though the plaintiff declare specially. 4 Camp. Rep. 385. So it has been held, that a demand for which *indebitatus assumpsit* will lie, may be pleaded as a set off to a debt due on a note; 4 J. J. Marsh. Rep. 245; and that it is not necessary to constitute a monied demand a set off, that any

price should have been agreed for the articles sold which compose it. 6 Id. 441. See also, 1 A. K. Marsh. Rep. 19; 1 Scam. Rep. 464; 5 John. Rep. 104; 3 Wash. C. C. Rep. 34; 2 Id. 132, 161; 3 Hayw. 195; 2 Bay's Rep. 120; 1 Hals. Rep. 394; 10 Serg. & R. Rep. 14; 2 Dall. Rep. 237; 3 B. & Adol. Rep. 580.

In George v. C. and M. Rail Road Co. 8 Ala. Rep. 234, this court said, "the general rule in relation to set off is, if the money sought to be recovered under a special contract, for damages, may be recovered under the common counts, then the defendant may set off." This decision is not opposed to any of our previous adjudications, which have been cited for the plaintiffs in error. In Dunn v. White and McCurdy, *ut supra*, the payment of an outstanding incumbrance was disallowed to the vendee of land, when sued on a note given for the purchase money, on the ground that he had the vendor's deed with warranty, and his possession had never been disturbed. McCord v. Williams & Love, 2 Ala. Rep. 71, was a case of unliquidated damages, in which the set off relied on, was the breach of a contract by which the plaintiff stipulated to lease to one of the defendants eighty acres of land, and have twenty acres cleared for him if practicable. In Handley v. Dobson's adm'r, 7 Ala. 359, the set off was a writing, by which the plaintiff's intestate promised to pay to the defendant "fifty barrels of corn," on a day certain, and it was rejected on the ground that it was not a *monied demand*, but the damages resulting from a breach were unascertained, and depended upon proof of the value of the corn, &c. In that case the defendant could not have recovered on the common counts, but would have been driven to his action on the special contract. Although the allowance of the set off would have been just and reasonable, yet we have seen, that the authorities cited did not tolerate it.

In the case at bar, the corn was delivered, and the objection to the set off was, that the price had not been agreed on. This did not make it a case of *unliquidated damages* within the sense in which these terms have been used in expounding the English statutes. The defendant's demand was for *money*—the value of the corn; for its recovery *indebitatus*

*assumpsit* could be maintained, and this we have seen, furnishes a test in favor of its allowance as a set off.

2. Although the judgment recites, that the cause was tried upon "issues joined," the only pleading subsequent to the declaration found in the record, are the defendant's pleas, which are thus stated, "Defendant pleads in short, by consent, non-assumpsir, payment, set off, and statute of limitations, and that said supposed claim was not presented to said administrator, within eighteen months after the grant of administration." The statute of sets off which we have recited was amendatory of a previous act passed in 1799, which authorized the defendant to plead payment of all, or part of the debt, or sum demanded, and give any bond, bill, receipt, or account in evidence," and repeals so much of it as permits the defendant to avail himself of a set off under the plea of payment. Now, although the latter enactment provides, that "one debt may be set against the other, either by being pleaded in bar, or given in evidence on the general issue, *or* notice given of the particular sum intended to be set off," &c., yet it cannot be admitted that the defendant may make such defence upon giving notice merely, without interposing any plea. The disjunctive *or*, in order to give effect to the intention of the legislature, should be interpreted *on*, so as to make a set off admissible under the general issue, where the defendant has given notice that he would offer it. This has been the practical construction of the statute, it is obvious from its context, and still more apparent when considered in connection with the preceding act. In the case at bar, it does not appear that the defendant gave notice of the set off on which he relied, but it is rather inferable from the bill of exceptions, that it was offered under the plea of set off. True, it may not be necessary, where such a defence is offered under the general issue, that the record should disclose the notice, yet the fair inference is, that the defendant lost sight of the general issue, and looked alone to his special plea, as tolerating the admission of the evidence offered.

Defences of set off, it is said, are regarded as in the nature of cross actions, (3 Scam. Rep. 538,) and the plaintiff may reply several matters to a plea of set off. In practice where no replication is filed, it is understood that the plaintiff merely

negatives the plea; but he may reply generally, and also in-sist upon the statute of limitations. Mar. Rep. N. C. 60; 1 Murph. Rep. 154; 1 Dev. Rep. 419; 6 Conn. Rep. 357; 4 McC. Rep. 210; 2 Bibb's Rep. 285. In McDowell v. Tate, 1 Dev. Rep. 249, it was decided that the words "set off," entered by the defendant with the general issue, shall be taken as a plea in bar, where the amount is equal to, or great-er than, the plaintiff's demand; where less, it shall be taken as a notice of set off only, and in this last case, no replication is necessary. In the case before us, the defendant affirms upon the record, that he pleads "set off," with the general issue, and the jury find the issues in his favor, and that the plaintiff is indebted to him in a specific sum; the plaintiff, in consenting to go to trial without more formal pleas, has ac-cepted as regular those which the defendant has designated. Bond v. Hill and Fay, 3 Stew. R. 283; Garrard v. Zachariah, 2 Id. 410; Abercrombie v. Mosely, 9 Port. R. 145; Pollard v. Stanton, 5 Ala. 451.

To apply these principles to the case at bar, it must be understood in the condition of the record, that the plaintiff did not rely upon the statute of non-claim as an answer to the plea of "set off," but merely denied the indebtedness which the defendant might attempt to prove in bar. The plea being accepted in the general term in which it was en-tered, it was competent for the defendant to avail himself of any legal demand which would constitute a set off, notwith-standing it had not been presented to the plaintiffs within eighteen months after letters testamentary had been granted to them. By failing to reply the statute, they tacitly admit-ted the due presentation of the claim, and could not insist on proof of the fact. The general replication which (in the ab-sence of any in fact) is implied, did not put the presentment in issue, or throw the *onus* of proving it on the defendant, or even allow the plaintiffs to disprove it. Where an exe-cutor, or administrator is sued in debt, covenant or as-sumpsit, it is incumbent on him to plead the statute of non-claim or limitations, and the same rule will apply where the estate he represents is sought to be charged under the plea of set off. 13 Mass. Rep. 201; 16 Id. 429; 5 Pick. Rep. 140; McBroom v. The Governor, 6 Porter's Rep. 32; Bigger v.

Hutchins and Smith, 2 Stew. 445; Evans v. Norris, Stodder & Co. 1 Ala. 511; Duval's Heirs v. McLoskey, Id. 710; Mardis's adm'rs v. Smith, 2 Id. 382; Sanford v. Wicks, 3 Id. 369; Gray's adm'rs v. White, 5 Id. 490; Travis v. Tartt, 8 Id. 574. As the general issue will not allow a special replication, where it is pleaded, and a notice of set off given, the plaintiff may perhaps insist upon proof of the presentment of the defendant's claim. But here, as the word "set off" was relied on as relieving the demand from the influence of the statute, and as nothing was said of a notice, which if furnished in due time, would have had that effect, it must be intended, that none was produced at the trial.

This view is conclusive to show, that under the pleadings and proof, the rulings of the county court was correct—its judgment is therefore affirmed.