Ramey v. Holcombe.

RAMEY *vs.* HOLCOMBE.

1. Where a contract is made for personal and individual services, at a stipulated price, and for a specific period, the party whose services are thus engaged, upon being discharged by the other without cause, before the expiration of his term of engagement, may recover the amount agreed to be paid for the entire term.

2. He may, however, consider the breach of the contract by the opposite party as terminating the contract before the period fixed for its performance; but, in such case, it is doubtful whether the same rule as to damages would apply.

3. A contract by which plaintiff undertook, for as pecified time, and at a stipulated price, payable quarterly, "to feed and have attended to the hack horses of" the defendant; "to treat said horses as well as stage horses are usually treated; to have them harnessed, or to assist the driver in doing so, when necessary; to have them taken to the shop to be shod;" and also to board the driver, is not a contract for the personal services of the plaintiff, but may be assimilated to a contract for work to be performed, or materials to be furnished, at a stipulated price; and the measure of damages for the breach of such a contract would be, a *pro rata* compensation, according to its terms, for the time during which plaintiff had performed it, and the profits which he could have made by it during the remainder of the time.

Error to the Circuit Court of Cherokee.

Tried before the Hon. L. P. WALKER.

COVENANT by Holcombe against Ramey, for a breach of the following contract:

"A contract, made this 2d day of July, 1844, between William Ramey and Benjamin Holcombe; First, the said Benjamin Holcombe undertakes to feed and have attended to the hack horses of the said Ramey, for a term of time to expire the 1st July, 1846, at the price and rate of one hundred and fifty dollars per year; and the said Holcombe binds himself to treat the said horses as well as stage horses are usually

treated, and to have the said horses harnessed, or to assist the driver in doing so, when necessary, and to have them taken to the shop to be shod, &c.; and the said Holcombe agrees farther to find the driver of said Ramey, without any further pay than what is named above.

Second; The said Ramey agrees, on his part, to pay the said Holcombe, for the above named services, thirty-seven dollars and fifty cents for each quarter, or three months; this from the first day of July, 1844, during the said term of time; which amount is to be paid within the first month after each quarter expires. Death of either party, or a discontinuance of the line by the Department, is to release the parties from the above obligation, except up to the time of said discontinuance or death. Signed and sealed the day and year first written." (signed) B. HOLCOMBE, [seal]
WE. RAMEY. [seal]

On the trial below, the plaintiff offered evidence showing that he had kept the horses, and performed the other services stipulated on his part, until November 8, 1844, at which time the horses and driver were removed by the defendant, without the permission of the plaintiff, and against his objection. He also offered evidence to show his readiness and ability to comply with the contract on his part, and that he offered to do so at the time the horses and driver were removed. It was also shown, that the defendant had paid the plaintiff, according to the terms of the contract, up to October 2, 1844. The suit was commenced in January, 1847.

Upon this evidence the court charged the jury: "That the contract was, in its nature, entire; and if the proof satisfied them that the plaintiff had, up to the time of its abandonment by the defendant, truly performed his undertaking according to its terms, and had been ready and willing, and had so proffered, to perform it, for and during the entire term for which he had stipulated, then, in that event, the measure of damages was, the amount which, by the terms of the written contract, the defendant had contracted to pay quarterly; and that plaintiff would be entitled to recover said amount, with interest on each quarter's dues respectively, from one month after their expiration." To this charge the defendant excepted.

Ramey v. Holcombe.

The defendant asked the court to charge the jury:

1. That, if they believed from the evidence that the contract was as above set forth, and that the plaintiff well and truly performed it on his part, until November 8, 1844, when the defendant removed his horses and driver, against plaintiff's objection; and if they believed that defendant had paid plaintiff, according to the contract, for his services up to October 1, 1844, and that defendant did not keep his horses or driver at plaintiff's after November 8, 1844; then, plaintiff would not be entitled to recover the entire amount agreed to be paid per quarter, for a longer time than from October 1, to November 8, 1844;

2. That, if plaintiff performed the contract on his part, up to November 8, 1844, and from that time the defendant prevented him from the performance of his contract, plaintiff continuing ready and willing to perform, then the measure of damages to which plaintiff would be entitled, after November 8, 1844, would be, the difference between the cost of performing his contract by plaintiff, and the price agreed to be paid by defendant. The court refused to give either one of these charges, and to each refusal defendant excepted.

The charge given, and the refusals to charge as requested, are severally assigned for error.

J. B. MARTIN, for plaintiff in error:

The general rule is well established, that the damages to be recovered in cases of this character, in the absence of fraud, must be such as are the natural and proximate consequences of the breach complained of. It is not the object of the law to punish the party who has violated or abandoned his contract, for he may have done so from necessity; but to place the other party in the condition which he would have occupied, had the contract been faithfully executed. In this case, the measure of damages is, the difference between the amount which it would have cost the plaintiff to execute the contract on his part, and the amount which he was to receive for it, by the terms of that contract; that is the amount which he would have received, if the contract had been fully performed on both sides, and it is, therefore, the amount to which he is entitled by way of remuneration for
37

this loss. 2 Green. Ev. 210; George v. Cahaba R. R. Co., 8 Ala., 234; Shannon v. Comstock, 21 Wend., 457; 5 Serg. & R., 19.

The measure of damages laid down by the court below, allowed the plaintiff compensation for feeding and taking care of defendant's horses for two years; when, in fact, he had only fed them for three months; and thus he will have received compensation twice for the same services. Loker v. Damon, 17 Pick., 284; Thompson v. Shattuck, 2 Metcalf, 615; Guild v. Guild, ib., 229; 7 Greenl., 51.

WHITE & PARSONS, contra:

The defendant in error has the right to stand on the terms of his contract, and to hold himself in readiness to perform it until the close of the stipulated period. The ruling of the court on this point is in exact conformity with the decision of this court in Davis v. Ayres, 9 Ala., 292; 9 ib., 24; 12 ib., 9.

GOLDTHWAITE, J.—Upon authority it is well settled, that where a contract is made for personal and individual services, as in the case of clerks, overseers, agents, &c., at a stipulated price, and for a specific period, the party whose services are thus engaged, upon being discharged by the other party without cause, before the expiration of the term of his engagement, may recover the amount agreed to be paid for the entire term. Sprague v. Morgan, 7 Ala., 952; Davis v. Ayers, 9 ib., 292; Martin v. Everett, 11 ib., 375. He is not compelled to treat the contract as ended by the act of the opposite party, but may consider it as continuing for the full term; and in such case, his right to recover the full amount rests upon the fact, that the contract is entire, and the service personal, thus rendering it necessary, if he wishes to recover the amount stipulated to be paid for the whole term, that he should enter into no engagement which would prevent the performance of the entire agreement on his part. Costigan v. Mohawk & Hudson Rail Road Co., 2 Denio, 609. He may, however, consider the breach of the opposite party as terminating the contract before the period fixed for its performance; but in such case, it is doubtful whether the same

rule as to damages would apply.    Masterton v. Mayor of Brooklyn, 7 Hill, 62.

In the case under consideration, the contract cannot be regarded as a contract for personal services, in the sense in which we have used this term.    The defendant in error was to furnish the horses of the plaintiff in error with feed, his driver with board, and to have certain other services performed, none of which he was required, either expressly or by implication, to render in person; and for which the plaintiff in error was to pay at stated times, and for a certain period, a stipulated sum.    The contract may properly be assimilated to an agreement for work to be performed, or materials to be furnished, at a stipulated price; in which case, the measure of damages is held to be, the difference between the cost of the work or materials and the amount agreed to be paid.    George v. Cahaba Rail Road Co., 8 Ala., 234.    The defendant in error, according to this rule, would be entitled to a *pro rata* compensation, according to the terms of the contract, for the time during which he had performed the agreement, which had not been paid, and for the profits which he could have made during the remaining time it had to run; or the difference between the cost of the feed, board and services, during such time, and the amount which he is entitled to receive during such time according to the rate established by the contract.

The charge of the court being in conflict with these views, the judgment must be reversed, and the cause remanded.