# Sledge *v.* Swift, Murphy & Co.

### Action on Promissory Note.

1. *Set-off; what, subject of.*—Whenever a demand is for damages, which the law is capable of measuring accurately by a pecuniary standard, it is a proper subject of set-off under our statutes.

2. *Same; plea of, what demurrable.*—A plea averring an indebtedness of plaintiffs for cotton shipped by defendants to them as warehousemen, which they have failed to deliver or account for to defendants, but not averring a demand and refusal to deliver, does not negative a rightful holding, or disposition of the cotton in accordance with the terms of the bailment, and discloses no subject of set-off in favor of the defendants.

3. *Same.*—A plea averring a shipment of cotton to plaintiffs by defendants, a sale of it without authority and against the instructions of defendants, and a failure to account for it or the proceeds, whereby the plaintiff became indebted to defendants in a specific amount, does disclose a good subject of set-off in favor of defendants, although no demand is averred; the unauthorized sale placing plaintiffs in default and rendering a demand unnecessary.

4. *Same.*—Defendants jointly and severally liable to satisfy the plaintiff's demand, may set off a demand due by the plaintiff to one defendant alone.

5. *Demurrer ; what grounds of can not be considered*—It seems that a demurrer to a plea on the ground that "it is uncertain," can not be considered ; such objection does not specifically point out the defect, or give opportunity to avoid it by amendment.

[Sledge v. Swift.]

APPEAL from City Court of Lee.

Tried before Hon. JOHN M. CHILTON.

Swift, Murphy & Co., a firm composed of G. P. Swift, Sr., G. P. Swift, Jr., Samuel G. Murphy and Lewis W. Isbell, brought this suit against J. C. Sledge and Sarah Sledge, to recover the amount of a promissory note made by the defendants.

The defendants pleaded payment and several pleas of set-off. The first plea of set-off avers that the plaintiffs are indebted to the defendants in the sum of five thousand dollars for a thousand bales of cotton shipped them as warehousemen, by defendants in the fall and winter of 1872 and the spring of 1873, which they have not delivered or accounted for to the defendants, which amount they claim as set-off, and pray judgment for the excess; "all of which they are ready to verify." The plaintiffs demurred, assigning as grounds that the plea is "too uncertain to form an issue upon it; that it does not allege a demand of the cotton or any account for it, and that it concludes to the country," and the court sustained the demurrer.

Another plea of set-off, numbered seven, avers that "during the winter and fall of 1872 and 1873, defendants under agreement and contract shipped to plaintiffs, who were warehousemen in Columbus, Georgia, four hundred and three bales of cotton, and that plaintiffs, as such warehousemen, sold a large amount of said cotton without authority, and against the express instructions of the defendants, and have never accounted to them for the proceeds, by reason whereof the plaintiffs are indebted to the defendants in the sum of four thousand dollars, which they offer to set-off against said note, and ask judgment for the excess, all of which they are ready to verify." This plea was demurred to, and the demurrer sustained, on the ground that it failed to set out the contract under which the cotton was shipped; that no demand was made for an account; that the set-off pleaded, sounded in damages merely.

The fifth and eighth pleas preferred as a set-off a demand due to one of the defendants separately, upon a similar state of facts to those averred on the seventh plea. The court sustained a demurrer to these pleas on the ground that they attempted "to set-off a demand due from plaintiffs to one of two joint defendants, against the joint demand of plaintiffs against joint defendants," and because they sounded in damages merely.

[Sledge v. Swift.]

The rulings upon the demurrers are now assigned as error.

W. H. BARNES, for appellant.

JAMES M. RUSSELL, contra.

BRICKELL, C. J.—Under the English statute of set-off, of which the statute of this State, prior to the code, was a substantial copy, unliquidated damages though arising from a breach of contract were not the subject of set-off. *Dunn* v. *McCurdy*, 1 Ala. 645; *McCord* v. *Williams*, 2 Ala. 71; *Hundley* v. *Dodson*, 7 Ala. 359. The demands allowed as a set-off, must have been recoverable in *indebitatus assumpsit*. *George* v. *E. & M. R. Co.*, 8 Ala. 234; *Brazier* v. *Fortune*, 10 Ala. 516. Damages resulting from a breach of contract, were deemed unliquidated, when the parties had not provided, or the laws did not provide a criterion for the ascertainment of them. *McCord* v. *Williams, supra; Hundley* v. *Dodson, supra.* Or, as defined by some authorities, they rested in opinion only, and must be ascertained by a jury, their verdict being regulated by the peculiar circumstances of each case; they were not capable of ascertainment by computation or calculation. *Butts* v. *Collins*, 13 Wend. 156. An attorney's fee for services rendered, though its amount had not been agreed on by the attorney and client, was a good set-off. It was a debt recoverable in *indebitatus assumpsit*. *Briggs* v. *Moore* 14 Ala. 433. A demand for the value of corn *delivered*, the price of which the parties had not fixed, was recoverable under a common count for goods sold and delivered, and could be pleaded as a set-off. *Smith* v *Huie Ib.* 201. Money paid as costs of suit, the plaintiff, had without the authority of the defendant instituted in his name, was recoverable under the common count for money paid, and was the subject of a set-off. *Brazier* v. *Fortune*, 10 Ala. 519. Though in each of the cases cited, the parties had not paid the amount due and to be paid, the law did provide certainly the measure of recovery. The attorney was entitled to reasonable compensation for his services, and the vendor of the corn to its value at the time of its delivery, and the defendant to reimbursement of the money he had been compelled to pay by the wrongful act of the plaintiff in commencing the suits. The case of *McCord* v. *Williams, supra*, was a demand purely for unliquidated damages, the breach of a contract by which the plaintiff stipulated to lease the defendant eighty acres of land,

VOL. LIII.

[Sledge v. Swift.]

and if practicable to clear for him twenty acres. In *Hand-ley* v. *Dodson, supra,* the demand was a writing by which the plaintiff promised at a particular time to pay defendant fifty barrels of corn. The demand was not recoverable under the common counts in assumpsit, but only under a special count framed on the contract, and the amount to be paid in the event of a failure to deliver, had not been fixed by the parties, and of consequence it was not allowed as a set-off. It may be, in that case too much importance was attached to the form of the action, which could be pursued, and too little to the nature and character of the demand.

The Code enlarges the subjects of set-off. Not only debts, but liquidated or unliquidated demands, not *sounding in damages merely,* are now the subject of set-off. R. C. § 2642. An unliquidated demand not sounding in damages merely, which is made the subject of set-off, is defined as one which, when the facts upon which it is based are established, the law is capable of measuring accurately by a pecuniary standard. A vendee extinguishing incumbrances, to which the covenants of warranty made by his vendor extend, may set-off the sum paid, if reasonable, against an action for the purchase money. Though, the parties have not fixed a criterion of recovery, the law defines the measure of damages. *Holley* v. *Younge,* 27 Ala. 203., Damages arising from the vendor's misrepresentations of the boundaries of land sold, and the quantity of land subject to overflow, may be set-off against an action for the recovery of the purchase money. The law fixes the measure of damages, at the difference between the value of the land as it actually was, and its value if it had been as represented. *Gibson* v. *Marquis,* 29 Ala. 668; *Bell* v. *Thompson,* 34 Ala. 633; *Nelms* v. *Prewitt,* 37 Ala. 389. A misrepresentation or breach of warranty of the quality of chattels sold, is the matter of set-off, the law fixing the measure of damages. *Wood* v. *Fowler,* 37 Ala. 55. So a misrepresentation by the lessor, of the condition of the leased premises, from which damages result, can be made available as a set-off. *Cage* v. *Phillips,* 38 Ala. 382. Whenever a demand is for damages, which the law is capable of measuring accurately by a pecuniary standard, it is a good set-off under the present statute. If however the law does not fix the measure of damages—if they are committed to the judgment of the jury, dependent on the circumstances of this particular case, the demand sounds in damages merely, and is not available as a set-off. *Walker* v. *McCoy,* 34 Ala. 659.

The several pleas of set-off are not carefully drawn. The
8

[Sledge *v.* Swift.]

rule at common law, was that a plea of set-off, must disclose a state of facts, such as would entitle the party pleading to an action, if he were suing as a plaintiff. *Crawford* v. *Simonton,* 7 Port. 110. It must have contained the substance at least of a declaration. Waterman on Set-off, 598. The certainty and formality requisite in a declaration, was not necessary, but the debt or demand must have been described by amount, the time of its making, its character, and the facts fixing a liability therefor on the plaintiff. *Ib.* § 533–37. The form of a plea of set-off prescribed by the Code, contemplates that the certainty requisite in such plea at common law, shall be observed. It must aver the demand proposed to be set-off, was a subsisting demand against the plaintiff at the commencement of suit—its amount, and the manner in, and time at which it is due. R. C. p. 678. Pleas of set-off, averring an indebtedness from the plaintiff to the defendant, stating it in one as a liquidated, and in the other as an unliquidated demand, the time when, amount and for what the demands were due, have been sustained, as conforming substantially to the form prescribed in the Code. *Lang* v. *Waters,* 47 Ala. 624.

Under the statute, (R. C. § 2656,) no objection to pleading, can be considered other than that specifically stated as ground of demurrer. *Eads* v. *Murphy,* 52 Ala. 520; *Cotton* v. *Rutledge,* 33 Ala. 110. The first plea of set-off, avers the plaintiffs are indebted to the defendants in the sum of five thousand dollars, for cotton shipped them in the fall and winter of 1872, and the spring of 1873, as warehousemen, which they have not delivered or accounted for to the defendants. The causes of demurrer to this plea, assigned in the court below, and which only can be noticed, are, that it is uncertain; that it does not allege a demand for the cotton, or an account for it; and that it concludes to the country. The day, when the conclusion of a plea in bar, was a matter of importance, has passed. It is the facts it states, and not its conclusion, whether with a verification, or to the country, that now determine its sufficiency. We pass over the assignment that the plea is uncertain, because we incline to the opinion it cannot be regarded. The very purpose of requiring causes of demurrer to be specially assigned, is, that defects in pleading may be distinctly and particularly pointed out, that the party pleading may certainly be apprised of them, and if he can, cure them by amendment. A general assignment of uncertainty does not afford this opportunity of amendment. The particulars in which the uncertainty is supposed to lie,

[Sledge v. Swift.]

should be stated.   A demand, or a conversion of the cotton was certainly necessary to create a liability on the plaintiff. For aught that appears in the plea, the plaintiffs may have been rightfully holding the cotton, or have rightfully disposed of it, in strict accordance with the bailment under which they received it, so that no debt or demand could exist against them.   A warehouseman is a depositary for goods for hire, bound only to ordinary care, and his duty is the safe keeping, and redelivery of the goods on demand.   Edwards on Bail. 284.   Without a wrongful conversion, or a loss by gross negligence on his part, until after a demand, and refusal to deliver, no action lies against him.   Story on Bail. § 107.   A demand for the loss, or conversion, or failure to deliver goods entrusted to a warehouseman, is a demand not sounding in damages merely, and the subject of set-off under the statute.  This plea fails to disclose such demand, and was obnoxious to the second cause of demurrer.

The seventh plea does disclose a demand subsisting against the plaintiffs, available as a set-off.   It avers a shipment of cotton to the plaintiffs by the defendants, and a sale of it without authority, and against the instructions of the defendants, and a failure to account for it, or the proceeds thereof, by means whereof they are indebted to the defendants in a specific amount.   The unauthorized sale, placed the plaintiffs in default, and rendered a demand unnecessary.   A warehouseman is a bailee, and all bailments are contracts. *Bohannon* v. *Springfield*, 9 Ala. 789.   The breach of all simple contracts, whether verbal or written, express or implied, for the payment of money, or for the performance or omission of any act or duty, is remediable by an action of assumpsit.   1 Chit. Pl. 99.   For the breach of the contract of bailment as it appears from the plea, resulting from the unauthorized sale of the cotton, the defendants could have maintained assumpsit against the plaintiff.   The law prescribes the measure of recovery—the amount realized by the plaintiffs from the unauthorized sale, or at the election of the defendants, the value of the cotton when it should have been sold.   *Austill* v. *Crawford*, 7 Ala. 335 ; *Ainsworth* v. *Partillo*, 13 Ala. 460.   The court erred in sustaining the demurrer to this plea.

The fifth and eighth pleas, vary from the seventh, only in preferring as a set-off, a demand due one of the defendants separately.   The defendants were jointly and separately liable to satisfy the plaintiffs demand, and this being true, under former decisions a demand due either defendant, from the plaintiff, is a good set off.   *Carson* v. *Barnes*, 1 Ala. 93;

*Jones* v. *Jones* 12 Ala. 244.    The demurrer to these pleas, should have been overruled.

The judgment is reversed and the cause remanded.