# Elliott *v.* Dyche *et als.*

*Statutory Action in Nature of Ejectment.*

1. *Secondary evidence of lost deed.*—As to the alleged deed from Cothran & Elliott to Cadow, the court holds, as on the former appeal (78 Ala. 150), that the proof of its existence and destruction was sufficient to let in secondary evidence of its execution and contents.

2. *Proof of deed executed in another State.*—As to a deed executed in Georgia, the presumption is that the subscribing witnesses also resided there; and it is not necessary to produce them, nor to account for their absence, before adducing secondary evidence of its execution.

3. *What not statement of opinion.*—When a witness testifies to the existence and subsequent destruction of a deed which he has seen and read, and further states, "The paper writing now shown me is, I verily believe, a true copy of said deed," this is not the statement of a mere opinion, and does not render his testimony inadmissible.

[Elliott v. Dyche et als.]

4. *When copies of original entries are admissible.*—When a book containing original entries, which are competent evidence, is shown to be beyond the jurisdiction of the court, copies of them, shown to be correct, are admissible.

5. *When oral proof of written transfer received.*—The fact that a transfer of judgments and claims was made, though in writing, may be proved by parol; though secondary evidence of the contents can not be received, unless the absence of the writing is accounted for.

APPEAL from the Circuit Court of Etowah.

. Tried before the Hon. JAMES E. COBB.

This action was brought by James M. Elliott, as surviving partner of the former firm of Cothran & Elliot, against A. C. Dyche and B. F. Reynolds, to recover certain lands described in the complaint, and was originally commenced on the 10th December, 1879, was tried before the Hon. Leroy F. Box, and brought by appeal to this court, reversed and remanded. On the second trial the evidence and proceedings were not materially variant from those occurring on the former trial of this cause, which are so fully reported in 78 Ala. 150, that it is not deemed requisite to· repeat them here.

REEVES, TURNLEY, RICE, for appellant.

J. B. MARTIN, McSPADDEN & CARDEN, *contra.*

CLOPTON, J.—The questions raised by many of the numerous assignments of error were ruled on, when the case was before us on a former appeal (78 Ala. 150), which we do not deem it necessary to reconsider. It was clearly competent for the witness, Cadow, to testify that his firm, Cadow, McKenzie & Co., had sent by mail the original deed, alleged to have been made by the plaintiff to him, to their attorneys at Ashville. The affection of his sight, which disabled him to read the pa-·pers, goes to the sufficiency of his evidence, and not to its competency. The letter of July 9, 1862, from the firm to the attorney, which was read in evidence without objection, tended to establish the transmission of the deed, and to corroborate the evidence of Cadow. This evidence, in connection with the testimony of Rope, the survivor of the firm of attorneys, constitutes sufficient proof of the existence and destruction of the original deed to let in secondary evidence of its execution and contents.

We previously held, that the deed having been executed in Georgia, the presumption is, the subscribing witnesses resided in that State; and in the absence of counter testimony, the defendants were excused from calling them, or accounting for their absence; and as the deed was destroyed, they could resort

to other proof of its execution. This fact the witness Cardow was competent to prove. Objection, however, is taken to his answer—"*the paper writing now produced and shown to me, marked A. is, I verily believe, a true copy of the deed delivered to me by Cothran & Elliott*"—as legal evidence of the contents of the deed. "Exhibit A" is a copy of a deed purporting to have been made by Cothran & Elliott to the witness, the firm name having been signed by the plaintiff, who was a member of the partnership. We suppose the objection is founded on the words of the witness—*I verily believe*. These words, in the connection in which they are used, are not the expression of an opinion in the proper sense. It was so ruled in *Head v. Shaver*, 9 Ala. 789, where the witness testified, that he had seen the note in the hands of the nominal plaintiff, more than eighteen months before, and *believed* it to be the same note, but could not say positively. It is said : "It is the assertion of the existence of a fact, qualified by the admission that the recollection of the witness is not so clear and distinct, but that he may be mistaken." The qualification is, in such case, for the consideration of the jury, in determining to what weight the evidence is entitled. In the answer of Cadow, there is no qualification. It is not the expression of a belief, such as amounts merely to an opinion, or judgment. In the answer to the next succeeding interrogatory, the witness states that "Exhibit A" is a copy of the deed, without modifying it with any expression of belief. The expression, "I verily believe," as employed in the answer, is equivalent to the expression of the best recollection of the witness.

On the former appeal, it was held, that the entries made by McKenzie, who is deceased, are admissible evidence on any issue involving the transaction to which they relate. One of the issues was, whether plaintiff had made a deed or bond for title, and whether the lands had been paid for. To this issue the entries were relevant ; and the books in which the original entries were made, being beyond the jurisdiction of the court, copies shown to be correct are admissible.—*Gordon, Rankin & Co. v. Tweedy*, 74 Ala. 232.

Parol evidence is admissible to prove the fact, that a transfer of the judgments and claims against Garrett was made by the plaintiff, and delivered to the witness at or about a particular time. When it appears that the transfer is in writing, secondary evidence of the contents can not be given, unless the absence of the original is accounted for. But it does not seem there was any attempt to prove the contents of the transfer. Besides ; the plaintiff, in his own testimony, admits a transfer was made. The admission of the fact dispensed with the ne-

[Napier v. Foster.]

cessity of producing the writing.—*McGeehee v. Hill*, 1 Ala. 140; *Paysant v. Ware*, 1 Ala. 160.

We discover no error in the rulings of the court.

Affirmed.