# Peck-Hammond Company *v.* Heifner.

## *Action for Breach of Contract.*

1. *Breach of contract; damages recoverable.*—Where a manufacturing company and builder enter into a contract by the terms of which the former is to furnish and put in place a heating apparatus in a house which the latter was under contract to build, and the latter was to pay therefor a stipulated sum, and this contract is subsequently repudiated by the builder and its performance by the manufacturer is prevented, though the manufacturer was at all times ready, able and willing to perform its part of the contract, for such breach of the contract by the builder, the manufacturer is entitled to recover the profits that would have accrued to it from the full performance of the contract.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant, the Peck-Hammond Company, brought the present action against the appellee, F. P. Heifner, to recover $246.32, as damages for the breach of a contract entered into by and between the plaintiff and the defendant by which the plaintiff was to furnish and put in place for the defendant a warm air heating apparatus. The defendant pleaded the general issue and a special plea. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence judgment was rendered for the plaintiff assessing his damages at $25. To the rendition of this judgment the plaintiff duly excepted. The plaintiff appeals and assigns as error the rendition of the judgment fixing the plaintiff's damages at only $25.00.

RAY RUSHTON, for appellant.—Where A and B enter into an agreement by which A agreed to furnish labor and materials for B, and A having begun, B wrongfully prevents him from completing the contract as agreed, A is entitled to damages. The measure of damages should be such as to place A in as good a position as if he had been permitted to complete the contract, and earn the profits.—*Danford v. Tenn. & Coosa R. R.* 93 Ala. 620; *Bonifay v. Hassell,* 100 Ala. 271; *George v. Railroad,* 8 Ala. 234; *Ramey v. Holcombe,* 21 Ala. 571.; *Worthington v. Gwin,* 119 Ala. 51.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—The Peck-Hammond Company, of the one part, and F. P. Heifner, of the other, entered into an unconditional contract by the terms of which the former was to furnish and put in place a warm air heating apparatus in a house which the latter was under contract to build for a third party, and the latter was to pay therefor the sum of five hundred and thirty dollars. This contract without cause therefor on the part of the Peck-Hammond Company was repudiated by Heifner and its performance by the former was thereby prevented, though the company was at all times ready, able and willing to perform it. This seems to us a clear case for recovery by the company from Heifner of the value to it of the contract and not merely the amount of expense incurred by it in the way of performing its part of the contract: The company was entitled to recover, in other words, the profits that would have accrued to it from a full performance of the contract.—1 Sedg. on Dam. § 182; 8 Am. & Eng. Ency. Law, pp. 632 *et seq.;* *Ramsey v. Holcombe,* 21 Ala. 567; *George v. Cahawba & Marion Railroad Co.,* 8 Ala. 234; *Danforth & Armstrong v. Tenn. & Coosa Railroad Co.,* 93 Ala. 614; *Bonifay v. Hassell,* 100 Ala. 269; *Worthington & Co. v. Gwin,* 119 Ala. 44.

The evidence adduced in the city court, where the case

was tried without a jury, showed that the Peck-Hammond people had expended twenty-five dollars towards the performance of the contract before Heifner refused to allow them to proceed with its execution, that the full performance of the contract would have entailed upon them the further expense of two hundred, eighty-three and 68-100 dollars. Deducting the aggregate of these sums, viz., $308.68, from the contract price, viz., $530, and the balance, viz., $221.32 is the profits as upon full performance which the plaintiff was entitled to recover with interest. Of course, the defendant had no concern with the expense incurred by plaintiff in securing the contract, the seventy-nine and 50-100 dollars commissions paid to its agent, Hoover.

The judgment of the city court awarding only twenty-five dollars damages must be reversed, and a judgment will be here rendered for plaintiff for the sum of two hundred, twenty-one and 32-100 dollars with interest from July 7th, 1898, when defendant unequivocally declined to allow plaintiff to put in the apparatus.

Reversed and rendered.