ALBANY,
Feb. 1827.

Hepburn
v.
Hoag.

Rule accordingly.

---

HEPBURN *against* HOAG and HEPBURN. (*a*)

DEBT on the penalty of articles of agreement, tried at the *Columbia* circuit, in *September*, 1824, before BETTS, (late) C. Judge.

A set off is not allowable against uncertain damages ; e. g. in debt for the penalty in articles of agreement, by which the defendants covenanted to maintain the plaintiff, &c. and provide him with proper medicine and attendance.

Damages due upon such an agreement cannot be set off; and where damages are not, in their nature, capable of set off, they cannot be met by a set off, in an action for them.

The difference in the phraseology of the act of 1813, (1 *R. L.* 515, *sect.* 1,) in the last revision of the laws, from former acts, has not extended the right of set off; but the present statute should be construed as were the former statutes on that subject.

(*a*) Vid. 4 *Cowen*, 57, *S. C.*

By the articles, the defendants agreed, (*inter alia*,) to pay $500, and maintain and support the plaintiff, his mother and sister, in sickness and health, in all necessary and comfortable meat, drink, washing, lodging, wearing apparel, medicine and medical attendance; and in all other convenient and comfortable respects, which their circumstances and situations might require. To these things they bound themselves in the penalty of $2000. One of the breaches assigned was, that the defendants had not maintained and supported the plaintiff; and on this breach alone was evidence offered at the trial.

The defendants offered in evidence a set off, under a notice, for that purpose, of money paid for the plaintiff, amounting to $1172,89, before the commencement of the suit. This was objected to; and overruled as inadmissible, by the judge: but he received the evidence of the amount paid; and allowed the jury to certify the balance due to the defendants, over and above the $500 mentioned in the articles, with a view to have the question settled by this court. They assessed the plaintiff's damages at a specific sum; and certified the balance due to the defendants accordingly.

*E. Williams*, for the defendants, moved for a new trial. He cited 1 *R. L.* 515; 3 *John. Ch. Rep.* 360, *note (a)*; *id.* 573; *Willes*, 261; 2 *Burr.* 820.

*C. Bushnell*, contra, cited 4 *Cowen*, 57; 2 *John.* 155; 5 *id.* 105; *Mont. on Set Off*, 18, 19; *Dunl. Pr.* 476, 8, 9, 500; 3 *John. Ch. Rep.* 351, 4, 7, 8; *id.* 573, 5; 4 *id.* 292, *and cases there cited;* 1 *R. L.* 515; 1 *K. & R.* 347, *sect* 1; 2 *Cowen*, 173, *per Woodworth, J.*; 4 *Cowen*, 498, 9.

*Curia, per* WOODWORTH, J. It seems to me this is clearly a case of unliquidated damages. The question is, not simply, what is the value of boarding and lodging by the week or otherwise? or how much should be charged by a physician for defined and specific services? or what is a reasonable sum for a certain quantity of medicine? but it involves this inquiry: what shall be considered as

necessary and comfortable support and apparel ? It must be suited to the circumstances of the plaintiff; and depends on a fair and reasonable construction of the covenant. On this point, a jury would be obliged to exercise a sound discretion; and perhaps different jurors would form different opinions. How then can it be said the damages are certain? Again ; medicine and medical attendance are to be provided in sickness. Suppose the parties disagree as to the medicine and medical attendance required ; and the plaintiff considers himself warranted, under the covenant, to procure other and more frequent medical attendance than the defendants are willing to afford ; would not the jury be called on, in assessing the damages, to pass on this question ? and if it appeared that reasonable attendance and medicine, according to the degree or severity of the sickness, had not been furnished, to allow the plaintiff damages for whatever additional expense he had necessarily incurred in this respect ? This view of the subject does, in my opinion, place the plaintiff's claim among the cases where uncertain damages are sought to be recovered ; and consequently it could not be set off. If it could not be set off by the plaintiff in an action against him by the defendants, it is well settled that the defendants are not entitled to the benefit of it as a set off. The law on this point is laid down in several cases. (*2 John.* 155. 5 *id.* 105. *Mont. on Set Off*, 18, 19. 3 *John. Ch. Rep.* 351. 4 *id.* 292.)

But it is contended that the statute, (1 *R. L.* 515, *s.* 1,) has extended the doctrine of set off, by the insertion of the words, " or have demands arising on contract or credits against each other." I think it is evident the legislature did not intend to change the law ; so as to give a party the benefit of uncertain damages by way of set off. If they did, why does the same section provide, that if the suit be brought on a bond or other contract, for the recovery of a penalty for the non-payment *of money only*, and such bond be given in evidence by the plaintiff or defendant, the sum *bona fide* due, and not the penalty, shall be deemed to be the debt ? Such a bond or contract, unless for the payment

of money only, cannot be given in evidence. If the former part of the section was intended to extend the doctrine of set off, it may be presumed the legislature would have allowed a bond conditioned for the performance of covenants, to be given in evidence, equally as if for the payment of money.

The question of set off has frequently arisen since the passing of the statute of 1813; and I apprehend that, in no case, have the courts of law or equity given that statute a construction variant from what obtained previous to the last revision of the laws. In the case of *Duncan* v. *Lyon*, (3 *John. Ch. Rep.* 351,) chancellor *Kent* examined the question elaborately; and decided that a breach assigning the non-performance of a covenant, in not furnishing timber and provisions, was a demand at law in the nature of redress for a wrong or injury committed, and not for a debt due; that it rested entirely in uncertain and unliquidated damages. This case was several years after the act of 1813; and is an authority to show that no alteration had been made in the doctrine of set off by that act. The decision of the judge at the circuit on this point was correct; but he erred in allowing the balance claimed by the defendants, to be certified in their favor. In this very case, (4 *Cowen*, 57,) we decided that the certificate was a nullity.

As to the hardship of this particular case, the answer is, we do not possess the power of applying the remedy. The statute is remedial; and embraces certain cases only. Until the legislature interfere, and alter the law, a defence like that relied on by the defendants, cannot be available by way of set off. The motion for a new trial must be denied.

New trial denied.