## HANDLEY v. DOBSON'S ADM'R.

1. In an action for the recovery of money due on a promissory note, the defendant cannot under the plea of set-off, give in evidence a writing by which the plaintiff promised to pay to him "fifty barrels of corn;" because the value of the corn is not ascertained, either by the contract of the parties, or the law.

2. Where the maker of a promissory note makes a partial payment on it, before it matures, without an agreement, either express or implied, that interest shall be added, upon such advanced payment up to the maturity of the note, he will not be entitled to a deduction therefor.

Writ of error to the Circuit Court of Talladega.

THE defendant in error declared against the plaintiff upon a promissory note, by which the latter, on the 26th of August, 1842, promised to pay the intestate of the former, the sum of three hundred dollars, on the 25th of December, 1843. The cause was tried on the pleas of *non assumpsit*, set off, want of consideration, and failure of consideration. On the trial, the defendant offered in evidence a note of the following tenor, subscribed by the intestate, viz : " By the first day of October next, I promise to pay James M. Handley or bearer, fifty barrels of corn, value received, 26th of August, 1842." He also offered to prove, that corn was worth two dollars in the intestate's neighborhood when the note matured; but this evidence, as well as the note itself, were rejected as inadmissible.

On the note declared on, a credit was indorsed for seventy-five dollars, dated the 24th December, 1842. The defendant's counsel prayed the Court to charge the jury, that if they believed this credit had been correctly entered, twelve months before the note become due, they ought to allow the defendant interest thereon from its date. This charge was refused, and instead thereof, the jury were instructed, that they ought to deduct the credit from the amount for which the note was given, and return a verdict in favor of the plaintiff, for the balance, with interest from the maturity of the note. The several points stated are duly reserved by bill of exceptions. A verdict was returned in obedience to the instructions of the Court, and judgment rendered accordingly.

S. F. RICE, for the plaintiff in error, insisted, that the note for the payment of the corn was a good set off, and the evidence to show the value of the corn was indispensable, to enable the jury to determine how far the plaintiff's recovery should be reduced. [1 Stewt. Rep. 524 ; 2 Stewt. Rep. 444 ; 1 Ala. Rep. N. S. 83; 3 Id. 16, 371 ; 6 Id. 324.] Justice required the plaintiff to pay interest upon the payment credited on the note.

B. F. PORTER, with whom was W. P. CHILTON and F. W. BOWDON, for the defendant in error. The note offered as a set off, is an undertaking to pay in corn, but does not ascertain and determine its price ; the amount then is unliquidated, and under our statutes connot be set off. [Babbington on Set Off, 33 ; 4 Esp. Rep. 207 ; 1 Ala. Rep. N. S. 637; 2 Id. 71.]

Handley v. Dobson's Adm'r.

COLLIER, C. J.—Under our statute it has been held, that unliquidated damages are not the subject of a set off. [Dunn use, &c. v. White and McCurdy, 1 Ala. Rep. N. S. 645.] "The damages resulting from the breach of a contract, are unliquidated, when there is no criterion provided by the parties, or by law, for its ascertainment." [McCord v. Williams and Love, 2 Id. 71; see Clay's Dig. 338, § 141; Reab v. McAllister, 8 Wend. Rep. 112; Butts v. Collins, 13 Id. 139; McDonald v. Neilson, 2 Cow. Rep. 139; Hepburn v. Hoag, 6 Cow. Rep. 613; Gordon v. Bowne, 2 Johns. Rep. 150, 155.]

The writing offered as a set off, does not ascertain the value of the corn, which the plaintiff agreed to deliver to the defendant; nor does the law fix the price, or furnish a criterion by which it may be settled. The case then cited, from 1 and 2 Ala. Reports, are conclusive to show, that the decision of the Circuit Court in rejecting it as evidence, was entirely correct.

It cannot be assumed, that if the maker of a promissory note makes a partial payment on it, before its maturity, that he is entitled to interest upon the amount paid, up to the time the note become due. A party is not bound to pay his debt before the expiration of the term of credit for which he has stipulated; if he does, he cannot as matter of right, claim a deduction for interest. If the debtor pays money in anticipation of the appointed day, without an agreement either express, or implied, between himself and the creditor, his debt will be extinguished *pro tanto*, and no more. The creditor may prefer to have his money at the time provided for its payment, to a less sum at an earlier day; if so, it is his right, and he may insist on being paid *in toto*.

It follows, that the law was correctly adjudged; the judgment of the Circuit Court is therefore affirmed.