## LYNCH v. BRAGG.

1. A surety when sued, may, with the consent of his principal, set off a debt due from the plaintiff to his principal.
2. An account furnished by the clerk of a steamboat, showing that a quantity of wood had been furnished, is competent testimony of a debt due from the steamer, although it may not state with precision the amount due.

Error to the County Court of Wilcox.

ASSUMPSIT by the defendant in error, before his honor D. W. Sterrett.

Upon the trial, as appears from a bill of exceptions, the defendant proved that he was surety upon the demand sued for, for one Robert H. Gregg, and then proved a written direction, from the plaintiff to Grigg, to furnish wood to the steamboat Dallas, to the amount of his indebtedness, if called for. He also produced, and offered to read a statement in writing by the plaintiff, showing the account of wood furnished by Gergg, as admitted by the steamboat, which on motion of the plaintiff's counsel was excluded, to which he excepted, and which is now assigned as error.

BETHEA and BECK, for the plaintiff in error.

C. C. SELLERS, for the defendant in error.

COLLIER, C. J.—If the evidence stated in the declaration went merely to establish a set off in favor of the principal on the note on which the defendant is a surety, it should have been admitted. In Winston v. Metcalf, 7 Ala. R. 837, it was said "the principal debtor is liable to indemnify his surety, whenever the latter pays the debt; and when the former has procured a valid set off, we perceive no sound reason why the surety should not be permitted, with his consent and concurrence, to enforce it, in the same manner as if the suit was against both jointly." This decision was made under the influence of our statutes. If the "consent and concurrence" of the principal, that the defendant should avail himself of the account for wood furnished the steamer Dallas, could not be inferred from the possession of the account, it might have been shown by other proof, after the account itself had gone to the jury. The view which we take of the case, renders it unnecessary to inquire, whether the quantity of wood delivered, or the price at which it was sold was unliquidated, so that the account could not come in

under the plea of set off. Handley v. Dobson's Adm'r, 7 Ala. Rep. 359.

The request contained in the note of the plaintiff to Gregg, of the 27th December, 1846, to furnish the steamboat Dallas with wood to the amount (if called on) of what he was indebted to the plaintiff, with an assurance that the latter would be responsible to him for the same, entitled Gregg to ·demand as a *payment* on his indebtedness to the plaintiff, all the wood he furnished under the request. This seems to us to be a proposition which is illustrated by its statement. The note declared on was due nearly twelve months previous to the date of the request, and may well be intended to have been referred to by it. If it was a payment, it extinguished the note *pro tanto*, and the surety might well avail himself of it. The letter of the plaintiff to Gregg, under date the 16th March, 1847, contains a statement as furnished him by the clerk of the steamer, of the quantity of wood received by the boat from Gregg, a part, if not all of which had never been paid for. Conceding this letter did not show with precision the amount admitted by the Dallas to be due, yet no principle of law warranted its exclusion on this ground. Perhaps the defendant might have adduced other evidence on this point; but if he could not, the proof offered should have been allowed to go to the jury, whose province it was to explicate it, and educe such a conclusion as they conceived approximated truth.

It follows, that the judgment must be reversed, and the cause remanded.