## SUPREME COURT.

BAKER agt. HOAG.

MACY AND GAUL agt. J. STOTT AND C. H. STOTT.

Applications for the set off of judgments are addressed to the discretion of the court. And where the court discover that equity will be promoted and injustice prevented by the set off of one judgment against another, it will be done, though the parties to the judgments are different.

Where Baker sued Hoag in replevin for a quantity of wool, and Macy & Gaul were sureties for Baker on the replevin bond, and took the wool, after it was replevied, to indemnify them, and then let J. & C. H. Stott take the wool to dry, afterwards to be returned to them; and while the Stotts had possession of it, they purchased it of Hoag, the defendant in the replevin suit—Macy & Gaul then brought an action of trover and recovered judgment against the Stotts for the amount of the wool, which judgment was assigned to Baker, the plaintiff in the replevin suit; and Hoag subsequently recovered judgment against Baker in that suit, for the amount of the wool, *held*, that one judgment should be set off against the other.

*Albany Special Term, March* 1851. *Motion to set off Judgments.* The first action was replevin, and was brought in February 1847, to recover a quantity of wool which was owned by the defendant, and which having been sunk in a canal boat, in the Hudson river, had been rescued by the plaintiff. He claimed that he was entitled to hold the wool until he was compensated for his services. The plaintiffs in the second action had executed the replevin bond as sureties for the plaintiff in the first action. The wool, being delivered upon the replevin, was deposited with Macy & Gaul for their indemnity, as sureties upon the replevin bond. They delivered the wool to the defendants in the second action, who were manufacturers, to be dried and then returned to them. While the wool was in the possession of the Stotts, they purchased it of Hoag, the real owner, and paid him for it, upon his indemnifying them against any claim of Macy and Gaul, or Baker. Macy & Gaul brought an action of trover against the Stotts for the wool. In that action the plaintiffs, on the 10th day of July 1850, recovered a judgment for $1480·38, damages and costs. The costs included in the judgment, amount-

16

ing to $273·68, have been paid to the plaintiff's attorney. After the verdict was rendered in favor of the plaintiffs in the second action, they assigned it to Baker, who is now the owner of the judgment.

The defendant in the first action, having obtained a verdict in his favor for $1175·58, a judgment was perfected upon that verdict on the 11th of March 1851, against Baker, for $1476·07, including costs. On the same day the defendants in each suit served notice of this application. On the 24th of March, and before this motion was made, the plaintiff in the first action, appealed from the judgment rendered therein, to the Court of Appeals. The motion is, that one judgment may be set off against the other, or, an appeal having been brought in the first action, that proceedings for the collection of the judgment in the second action be stayed until the determination of the appeal.

H. Hogeboom, *for Plaintiffs.*

K. Miller, *for Defendants.*

Harris, Justice.—The power of this and of every other court to direct one judgment to be set off against another, depends not upon any certain rule of law, but upon the equitable control which every court may exercise over its own suitors and process (Dunkin vs. Vandenburgh, 1 *Paige,* 622; The People vs. New York Com. Pleas, 13 *Wend.* 649). Such applications, therefore, are addressed to the discretion of the court, which discretion is to be exercised in such a manner as to do equity and prevent injustice. Its exercise is never demandable as a right, and the manner of its exercise, is not the subject of review upon error (*Barbour on Set-off,* 33; Smith vs. Louden, 1 *Sandf. S. C. R.* 696). The criterion by which every such application is to be determined is, whether it is equitable. If it is, if justice will be promoted by it, if no other rights will be infringed by it, then the set-off will be ordered, and that, too, though the parties to the different judgments are not the same (*Montagu on Set-off,* 6; O'Conner vs. Murphy, 1 *H. Bl.* 659). In the latter case, Murphy, claiming to be the owner of a vessel, had brought an action of

Baker agt. Hoag.

trover against one O'Loughlin, who was the master of the vessel. The action was defended by O'Conner and O'Sullivan, who were the real owners of the vessel. Judgment was recovered against Murphy for the costs of the suit; O'Conner had also sued Murphy upon a note. Having failed in this action, Murphy had recovered judgment against him for the costs of this suit. Upon a motion to set off one of these judgments against the other, it was objected that a judgment of Murphy against O'Conner could not be set off against a judgment of O'Loughlin against Murphy, but Lord Loughborough said that O'Conner was *equitably* entitled to the costs in the action against O'Loughlin, and he ought therefore to be permitted to set them off against the judgment in the other action. The principle of this case has been repeatedly recognized, and will be found stated in every book which speaks of the subject. In every case, the court having control over the parties and its own proceedings, will do what in view of all the circumstances of the case, it deems to be equitable.

The application of this rule to the case in hand would not be difficult. Assuming, as we must, that the judgments are right, it appears that the wool, which was the subject of litigation in both suits, was the property of Hoag, and that it was wrongfully claimed by Baker. Macy and Gaul have never claimed to have any interest in it beyond their own indemnity, as sureties upon the replevin bond; and even that interest is now vested in Baker by assignment. But let it be supposed that they had not assigned to Baker. It having been determined that Hoag, and not Baker, was the owner of the wool, they would have held their judgment against the Stotts to secure them against their liability to Hoag upon the replevin bond. And even if the money had been collected upon the judgment, Macy & Gaul would have had no just right to retain it; Hoag might have insisted upon having it applied for the purpose for which they held it, which was the satisfaction of his recovery against Baker. Nor can it be pretended that Baker by his assignment has acquired any better right to collect and retain the amount of the Stott judgment than Macy and Gaul had. In any aspect in which the case can be

viewed, it would be inequitable in the extreme, to require the payment of this judgment at the present time; the only legitimate use to which the money, if collected, could be applied, is the satisfaction of Hoag's judgment against Baker. Hoag is himself, both legally and equitably, bound to pay this judgment. Why then compel him to pay it, for the mere purpose of enabling Baker to hold it, to be repaid to him, when the appeal shall be disposed of. If the judgment should be reversed upon the appeal, then, indeed, different questions will present themselves; but upon this motion it must be assumed that the judgment is right, and will not be reversed.

Under these circumstances, I think it proper to direct the setoff, but the order is not to take effect, unless the first judgment shall be affirmed upon the appeal. All proceedings for the collection of the second judgment are to be stayed until the final determination of the appeal, and until the further order of this court. Neither party is to have costs upon this motion.