# SUPREME COURT.

## AZARIAL B. PIERCE agt. ORRIN H. TUTTLE.

Where the plaintiff has obtained a final judgment against the defendant in one action and the defendant has obtained a judgment against the plaintiff in another action, in which the parties are the same, from which the plaintiff has appealed, the defendant's judgment cannot be set off against the plaintiff's judgment while the appeal is pending. Proceedings on the judgment appealed from are suspended during the pendency of the appeal.

A stay of the plaintiff's proceedings, on his judgment against the defendant, will be granted during the pendency of the appeal from the defendant's judgment against the plaintiff.

An order will not be granted during the pendency of the appeal, to the effect that in case of an affirmance of that judgment it be set off against the plaintiff's judgment, against the defendant.

*General Term, Fourth Department, Oswego, October, 1872.*

THE plaintiff recovered judgment in this court against the defendant on the 27th day of March, 1869, for $533.20 damages and $515.20 costs. The defendant appealed to the general term where the judgment was affirmed. From that judgment an appeal was taken to the court of appeals, and it was again affirmed and judgment entered in favor of the plaintiff, for $164.49 costs, on the 10th day of May, 1871. Execution has been issued on this judgment and a levy made on the defendant's property by virtue thereof.

In another action by the same plaintiff against the same defendant the latter recovered judgment against the plaintiff for $534.79 costs, which judgment was docketed on the 1st day of April, 1870.

Pierce agt. Tuttle.

The defendant obtained three orders in the causes above named awarding him ten dollars in each as costs of motions made in said causes, which costs have not been paid.

On the 5th day of May, 1871, the plaintiff, for a valuable consideration, assigned the judgment in his favor against the defendant to John B. Wicks.

The plaintiff appealed to the court of appeals from the judgment recovered against him by the defendant and gave the security required by law. That appeal is still pending and undetermined.

After the levy of the execution on the said judgment against the defendant he made a motion, at special term, to set off the judgment recovered by him, and the costs of the motion above mentioned, against the judgment recovered by the plaintiff against him, and the court made an order that such set-off be made in case the appeal from the defendant's judgment, pending in the court of appeals, should result in an affirmance of that judgment, with ten dollars costs of motion to the defendant, which sum should also be set off against the plaintiff's judgment. From this order the plaintiff appealed.

*Geo. O. Rathbun,* for plaintiff and appellant.

*Rollin Tracy,* for defendant and respondent.

MULLIN, P. J. — It was held, in *Terry* agt. *Roberts* (15 *How. Pr. R.*, 65), that an appeal from a judgment suspended the right to set it off, and that the proper remedy, in such case, was to stay the proceedings of the party to the judgment, against which the set-off was sought, until the determination of the appeal. JAMES, J., in *Hoag* agt. *Hoag* (6 *How. Pr. R.*, 201), ordered a set-off, in the event the judgment appealed from was affirmed. The case first cited was affirmed, on appeal to the general term, while the case last cited stands utterly alone. The superior court of N. Y., in 2 *Roberts*, 670, held, in the most unequivocal terms, that

a judgment cannot be set off, while an appeal from it is pending, and cites 6 *Cow.*, 613; 1 *Sandf.*, 626, and *J. C. R.*, 351. Such, I have no doubt, is the law.

The order appealed from must be reversed, without costs to either party. And proceedings on the execution against the defendant are stayed twenty days, to enable him to apply, at special term for a stay of proceedings on said execution, until the decision of the appeal, upon such terms as may be just.