# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## April, 1881.

---

24  345
159a 448

JOHN H. HARDT AND OTHERS, APPELLANTS, *v.* HERMAN SCHULTING, RESPONDENT.

*Judgment — cannot be used as a set-off while an appeal therefrom is pending*

The plaintiff cannot have a judgment recovered by him, from which an appeal has been taken by the defendant, set off against the costs of two motions awarded to the defendant in the same action.

APPEAL from an order denying the plaintiffs' motion to set-off a judgment in their favor, or so much thereof as was necessary, against the costs of two motions awarded to the defendant in the same action.

*William Watson,* for the appellants.

*Charles Bainbridge Smith,* for the respondent.

BRADY, J.:

The plaintiffs having obtained a judgment in this action, and the defendant having obtained orders directing the payment of the costs of two motions, the plaintiffs sought to set-off so much of the judgment recovered in their favor as would extinguish the motion costs. It appeared however upon the application, when presented

to the court below, that the defendant had appealed from the plaintiffs' judgment.

The learned justice presiding at the Special Term said that when one of the judgments is appealed from there can be no set-off in respect to costs.

The spirit of the rule in relation to the setting off of costs, as stated in *Harris* v. *Palmer* (5 Barb., 106), seems to be that the subject matter of the set-off must be clear and indisputable and conclusive upon the party, and must have passed the ordeal of a judicial determination in a case where a court had acquired jurisdiction of the party, either by his appearance or personal service of the process upon him. And in the case of *Pierce* v. *Tuttle*, reported in the 51st of Howard's Practice Reports, 193, the precise question presented in this case was disposed of by the General Term of the fourth department, they having declared that a judgment could not be set-off against another if an appeal were pending as to either of them. The case of *Terry* v. *Roberts* (15 How. Pr., 65), which declares that an appeal from a judgment suspends the right to set-off, is cited with approval in the opinion of MULLEN, J., who also considered the case of *Hoag* v. *Hoag* (6 How. Pr., 201), in which a set-off was ordered in the event of the affirmance of the judgment appealed from, and he declared that the first case mentioned was affirmed on appeal to the General Term, whilst the last case stood utterly alone. He also refers to the case of *De Figaniere* v. *Young* (2 Robertson Supr. Ct., 670), in which it was held that a judgment could not be set-off when an appeal was pending. The order made by the court below is therefore sustained by two judgments rendered at the General Term, the result being that where the judgment appealed from is suspended, it has not sufficient vitality to become the subject of a set-off.

For these reasons the order appealed from must be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.