IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF
ADOLPHE A. KLOSTER AND JULIUS LEHRENKRAUSS,
AS EXECUTORS, ETC., OF JOSEPH MASSON, DECEASED.

*Set-off — a judgment, proceedings to enforce which are stayed by an appeal, is not the
subject of set-off.*

In an action brought by one F. J. Moissen against the executors of Joseph Mas-
son for services rendered to the deceased, the executors set up a note given by
Moissen to the deceased, and found among his assets, as a counter-claim, and
recovered a judgment thereon, from which Moissen appealed, giving security to
stay proceedings. Upon the settlement of the executor's accounts they sought
to set off this judgment against a legacy given to Moissen by the will.
*Held,* that their application so to do was properly denied.

APPEAL from that portion of a decree of the surrogate of Kings
county, entered in proceedings for the judicial settlement of the
accounts of the executors of Joseph Masson, deceased, which dis-
allowed an offset of a judgment against a legacy due to Francis J.
Moissen.

*W. D. Veeder*, for the executors, appellants.

*Ayres & Walker*, for F. J. Masson, legatee, respondent.

DYKMAN, J.:

The executors of Joseph Masson appeal from a portion of the
decree of the surrogate of Kings county settling their accounts.

The will gave F. J. Moissen, the respondent, a legacy of $300. Among the assets of the estate the executors found a note made by Moissen to the testator for $200.

In an action brought by Moissen against the executors for services to the deceased, they set up the note as a counter-claim and had a judgment on it amounting, with costs, to $346.42. Moissen has appealed from the judgment and given security. When the executors accounted they sought to set-off their judgment against the legacy, but the surrogate refused and from that portion of the decree the executors appealed.

The cases cited in *Hardt* v. *Schulting* (24 Hun, 345) are conclusive against the executors' right to set-off their judgment against Moissen's legacy, and fully support the determination of the surrogate that a judgment so secured on appeal has not sufficient vitality to become the subject of a set-off. In *Terry* v. *Roberts* (15 How. Pr., 65), decided at Special Term in 1857, this principle was affirmed, and to obviate its disadvantage a stay was granted till the appeal should be determined. A note to the case states it was affirmed at General Term. In *Pierce* v. *Tuttle* (51 How. Pr., 193) the plaintiff had judgment against defendant, and it had been affirmed in the Court of Appeals. In another action between the same parties defendant recovered judgment from which an appeal was pending when execution was issued and a motion made to set-off one judgment against the other. The motion was granted at Special Term but the General Term reversed the order and held that the appeal suspended the right to set-off one judgment against the other. We see no distinction between that case and this.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred.

Parts of decree of surrogate's decree appealed from affirmed, with costs.