JASON ALEXANDER, Respondent, *v.* HORACE T. DURKEE,
Appellant.

112ᵇ655
159 449

The application of one judgment upon another is not a matter of absolute right, but is within the equitable discretion of the court to which application for the set-off is made.

(Argued December 11, 1888; decided January 15, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made December 30.

1887, which reversed an order of Special Term granting a motion on the part of defendant that a sum found due him by the surrogate's decree on settlement of the accounts of plaintiff, as administrator, be applied on the judgment herein.

The following is the opinion in full:

" The question here raised is one of equitable offset. The administrator of the deceased executor had a judgment against the moving party, and the latter a decree of the surrogate adjudging to him as due a fixed amount. That decree directed payment to be made in a particular manner, that is, by application upon the indebtedness for the balance of which judgment was rendered; this, it is claimed, the surrogate had no jurisdiction to award. Granting that, as the possible truth, the application here is for an order applying one judgment upon another. That is never matter of absolute right, but an appeal to the equitable discretion of the court. (*Smith* v. *Lowden*, 1 Sandf. 696; *Baker* v. *Hoag*, 6 How. Pr. 201.) The order was refused, and we think justly.

" The amount due the defendant Durkee has already been applied upon his debt, and the judgment against him was taken for the balance, and only after such application. The deceased executor held four notes against Durkee. There is no proof or allegation in the record that these notes were not valid claims, or that there was any defense to either. They seem to have been given for money borrowed of the estate, and were loans which both parties would naturally expect to treat as advances upon the annuity to become due to the borrower from the same estate. There was thus equity and justice in the surrogate's decree directing the debt due from the estate to be applied upon the debt due to the estate. Practically, though not in form, it adjudged against the executor's estate in favor of Durkee the balance only after such application, and, so viewed, there might have been error, but was no want of jurisdiction. Such jurisdiction is now assailed on the ground that the revival of the accounting after the death of the executor was a new proceeding to which Durkee was not a party, and so there was no jurisdiction over him. It is doubtful whether that question was raised by the moving papers. Durkee can-

not avail himself of the decree in his favor for the money due, and, at the same time, insist that the decree is void as to him. Besides, there was a later accounting by the administrator of the deceased executor, to which Durkee was a party, which recognized the application already made, and settled the right of the mover in accordance with that application.  We fail to discover any just reason why a court of equity should apply a part of the debt due from the estate a second time upon the debt of Durkee, and leave to the administrator only a difficult and uncertain remedy upon one of the notes against a party, both non-resident and insolvent.

"The order should be affirmed, with costs."

*James R. Cox* for appellant.

*W. E. & F. E. Hughett* for respondent.

FINCH, J., reads for affirmance.
All concur.
Order affirmed.