WILLIAM S. DE CAMP, Individually and as Trustee under the Will of JULIA L. DE CAMP, Deceased, Appellant, *v.* EDWARD THOMSON, JR., JOHN A. DIX, CHARLES E. SNYDER and WARREN H. EATON, as Sheriff of the County of Herkimer, Respondents.

1. SET-OFF — JUDGMENTS CANNOT BE MUTUALLY SET OFF, WHERE APPEAL FROM ONE OF THEM IS PENDING. A judgment to be available as a set-off must be a valid, subsisting obligation and final in its nature; and, hence, judgments cannot be set off against each other, where one of them has been appealed from and the appeal is still pending.

2. SETTING OFF JUDGMENTS IS MATTER OF DISCRETION. To have one judgment set off against another is not a matter of absolute right, but is

within the equitable discretion of the court to which the application is made; and however the question is presented, such relief should be administered in all cases upon such equitable terms as will promote substantial justice, unless an absolute right is created by some statute, or otherwise firmly established.

3. REVIEW OF EXERCISE OF DISCRETION. The Court of Appeals may not review the discretionary action of other courts.

*De Camp* v. *Thompson*, 31 App. Div. 634, affirmed.

(Argued May 12, 1899; decided June 6, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 24, 1898, affirming a judgment in favor of defendants entered upon a decision of the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. D. Adams* for appellant. On the facts found in the decision the plaintiff should have had judgment, with costs against defendants Dix and Thomson. (*Nicoll* v. *Nicoll*, 16 Wend. 446 ; *Martin* v. *Kanause*, 17 How. Pr. 149 ; 9 Abb. Pr. 370; 37 N. Y. 396 ; 22 Hun, 584.) The plaintiff had no adequate remedy at law. (16 Wend. 446 ; 55 N. Y. 120 ; 1 Clarke Ch. 426.) The right of set-off was not suspended by the appeal and undertaking on the part of defendants. Such right had attached and existed before the appeal. It was superior to the attorney's lien. (Code Civ. Pro. §§ 1240, 1294, 1327; 25 Hun, 587; 75 N. Y. 225 ; 1 Cow. 15 ; 7 Cow. 417 ; 3 Hill, 473 ; 7 Hill, 162 ; 60 N. Y. 371 ; 71 N. Y. 430 ; 26 Barb. 55 ; 29 Barb. 295 ; 2 T. & C. 498 ; 29 Hun, 251 ; 15 How. Pr. 65 ; 22 Hun, 584 ; 131 N. Y. 200 ; 136 N. Y. 50 ; 154 N. Y. 521.)

*Charles E. Snyder* for respondents. Where an appeal is pending, and security has been given to stay execution pending an appeal, there is no right to a judgment of set-off. (Code Civ. Pro. § 1327 ; *Wells* v. *Stewart*, 3 Barb. 40 ; *Martin* v. *Kunzmuller*, 37 N. Y. 396 ; *Jordan* v. *N. S. & L. Bank*, 74 N. Y. 467 ; *Patterson* v. *Patterson*, 59 N. Y. 574 ; *Myers* v. *Davis*, 22 N. Y. 489 ; *Newcomb* v. *Almy*, 96 N. Y. 308 ;

*Fera* v. *Wickham*, 135 N. Y. 223 ; *Matter of Hatch*, 22 App. Div. 16 ; *De Figaniere* v. *Young*, 2 Robt. 670 ; *Hardt* v. *Schulting*, 24 Hun, 345.) A party will not be allowed to set off a judgment in his favor against a judgment against him unless he is both the legal and equitable owner of the judgment in his favor, and the party against whom he seeks to exercise the right is also the beneficial owner of the judgment recovered by him. (Freeman on Judgments, § 467a ; *Delaney* v. *Miller*, 84 Hun, 244 ; *Bevins* v. *Albro*, 86 Hun, 590 ; *Tunstall* v. *Winton*, 31 Hun, 219 ; *Gibbs* v. *Prindle*, 11 App. Div. 470 ; *Ennis* v. *Curry*, 22 Hun, 584 ; *Kaufman* v. *Keenan*, 13 Civ. Pro. Rep. 225 ; *Zogbaum* v. *Parker*, 66 Barb. 341 ; *Carlton* v. *Goldman,* 5 Civ. Pro. Rep. 153 ; *Winterson* v. *Hitchings*, 1 Benj. Anno. Cases, 193 ; *Matter of Havemeyer*, 27 App. Div. 123.) Because of the injunction undertaking given by the plaintiff there should be no stay granted the plaintiff. (Code Civ. Pro. § 623.) Set-off will not be compelled except when by so doing the court can accomplish substantial justice between the parties. (Freeman on Judgments, § 467.) The plaintiff has a full, complete and adequate remedy at law. (*Ainslie* v. *Boynton*, 2 Barb. 258 ; *Terry* v. *Roberts*, 15 How. Pr: 65 ; *Gridley* v. *Garrison*, 4 Paige, 647.) The granting or refusal of the remedy of set-off is discretionary and so not reviewable on appeal, except when the discretion is abused. (*Alexander* v. *Durkee*, 112 N. Y. 655.) The plaintiff in this case has no advantage because he elected the supposed remedy of an action instead of a motion. (*De Figaniere* v. *Young*, 2 Robt. 670.)

MARTIN, J. On the twenty-ninth day of June, 1896, the plaintiff recovered a judgment against the defendants Dix and Thomson, which determined certain property rights then at issue, and also awarded to the plaintiff $1,805.34 for his costs in that action. From that judgment an appeal was taken to the Appellate Division in the fourth department, where, on the twenty-third day of May, 1897, it was affirmed, with costs, and a judgment of affirmance duly entered. From the last

judgment the defendants appealed to the Court of Appeals and gave the undertaking required by section 1327 of the Code of Civil Procedure, thereby staying execution until the decision of the Court of Appeals. When the appeal in the present case was taken, and also when it was argued, the appeal in that case had not been decided.

On the fifteenth of April, 1897, a second action was commenced by the plaintiff against the same defendants, a trial of which resulted in a dismissal of the complaint, and judgment was duly entered therein for costs amounting to $306.05. In the last action a temporary injunction was issued, the plaintiff giving an undertaking in the sum of one thousand dollars conditioned for the payment to the defendants of any damages they might sustain by reason thereof. Upon the entry of judgment therein the injunction was dissolved. From that judgment no appeal was taken, and the time within which to appeal expired before the commencement of the present action. Subsequently, the defendants Dix and Thomson caused an execution to be issued upon the judgment in the second action ; delivered it to the defendant Eaton, as sheriff, and directed him to make it out of the property of the plaintiff, which he was proceeding to do when the present suit was commenced.

The purpose of the present action was to compel the defendants Dix and Thomson to set off their judgment for $306.05 against the judgment for $1,805.34 previously obtained by the plaintiff, and also to restrain them from collecting, or attempting to collect, the judgment in their favor, or any part thereof.

In this action the trial court held that the judgment in favor of the plaintiff was not due and payable at the time of the trial, because of the pending appeal therefrom and the stay of execution thereon, and that as the judgment of the defendants against the plaintiff was then due and payable and the defendants were entitled to immediate payment thereof, the plaintiff was not entitled to the relief sought. It thereupon directed a judgment in favor of the defendants, dismiss-

ing the complaint, with costs. This judgment was unanimously affirmed by the Appellate Division.

The first question presented for our consideration is, whether, notwithstanding the appeal in the first action and the stay of execution upon the judgment therein, the plaintiff had an absolute right to have the judgment against him set off against the judgment from which such appeal was taken. The authorities seem to be quite uniform to the effect that a judgment to be available as a set-off must be a valid, subsisting obligation and final in its nature, and, hence, that judgments cannot be set off against each other, where one of them has been appealed from and the appeal is still pending and undetermined. (*De Figaniere* v. *Young*, 2 Robt. 670; *Terry* v. *Roberts*, 15 How. Pr. 65; *Pierce* v. *Tuttle*, 51 How. Pr. 193; *Hardt* v. *Schulting*, 24 Hun, 345; *Matter of Kloster*, 40 Hun, 374.)

It seems quite obvious that the plaintiff, at the time of the trial, had no absolute legal right to the set-off sought to be enforced by this action. His judgment was not then, and and indeed might never become payable or enforceable. Whether it would or not depended entirely upon the future action of the court to which the appeal had been taken. Although it was in form an absolute claim against the defendants, yet, in fact, it was contingent, depending upon the action of the court to render it efficient and enforceable. Hence, we think the mutuality necessary to authorize such a set-off did not exist.

The general rule relating to this subject is that claims or demands sought to be set off must not only be mutual to the extent that they are owing by each to the other, but they must be due and payable, and, therefore, a claim not due cannot be set off against one that may be presently enforced. To this rule there are, perhaps, some exceptions, as in the case of the insolvency of one of the parties, or where an assignment has been made. And yet, even in those cases, the party claiming the right of set-off is not entitled to such relief, unless *his* claim has matured before the assignment or transfer.

(*Martin* v. *Kunzmuller*, 37 N. Y. 396, 397; *Jordan* v. *Nat. S. & L. Bank*, 74 N. Y. 467; *Fera* v. *Wickham*, 135 N. Y. 223; *Matter of Hatch*, 155 N. Y. 401.)

Moreover, to have one judgment set off against another is not a matter of absolute right, but is within the equitable discretion of the court to which the application is made. (*Alexander* v. *Durkee*, 112 N. Y. 655; *Baker* v. *Hoag*, 6 How. Pr. 201; *Zogbaum* v. *Parker*, 55 N. Y. 120, 121; *Simson* v. *Hart*, 14 Johns. 63; *Smith* v. *Lowden*, 3 N. Y. Super. Ct. [1 Sand.] 696; *Brown* v. *Hendrickson*, 39 N. J. L. 239; *Tolbert* v. *Harrison*, 1 Bailey [S. C.], 599; *Davidson* v. *Geoghagan*, 3 Bibb [Ky.], 233; *Makepeace* v. *Coates*, 8 Mass. 451.)

In some of the cases relating to this subject it is at least intimated that the question of discretion is, to some extent, controlled by the procedure adopted by the party seeking the set-off. While it may well be that the relief awarded or claimed may in some particulars be influenced or even regulated by the circumstances and the manner in which the question is presented, still, we think that, however it is presented, the determination of the question whether the set-off should, or not, be decreed, rests in the discretion of the court to which the application is made, and that such relief should be administered in all cases upon such equitable terms as will promote substantial justice, unless the absolute right is created by some statute, or otherwise firmly established. We find no such law or principle which is applicable to this case. Therefore, as this court can review questions of law only, and may not review the discretionary action of other courts, it follows that the question chiefly argued cannot be reviewed by us.

We are of the opinion that the decision of the court below was correct, and in view of the clear and satisfactory opinion of the trial court, which was adopted by the learned Appellate Division, we deem it unnecessary to further discuss the questions so ably presented by the counsel for the respective parties.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.