JOHN G. GRAY, an Infant, by ELLEN PIDGEON, his Guardian ad Litem, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

EVIDENCE — ADMISSIBILITY OF EXPLANATION OF TESTIMONY GIVEN ON CROSS-EXAMINATION. Where the testimony of an important witness for the plaintiff tends to show that defendant did not have an honest and just defense because through its representative it had attempted to bribe him to leave the state until after the trial, and such representative denying the charge has admitted both on his direct and cross-examination by the plaintiff, in which an attempt was made to elicit facts showing the bribery, that he had appointed an interview with the witness and had an "object in view" in so doing, the exclusion on redirect examination of his explanation as to what the object was is reversible error.

*Gray* v. *Met. St. Ry. Co.*, 39 App. Div. 536, reversed.

(Argued January 21, 1901; decided February 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 15, 1899, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries sustained by the plaintiff on account of the alleged negligence of the defendant. On the trial evidence was given tending to show that the plaintiff, aged sixteen years, owing to the crowded condition of one of the defendant's street cars, attempted to get upon the front platform, but was obliged to stand with one foot on the platform and the other on the step while he held onto the dashboard with both hands. After the car started the conductor got off of the rear platform and ran along to get on in front in order to collect fares. After collecting from the plaintiff he fell off, and while getting on again, by forcing himself between the plaintiff and another passenger named Giblin, he crowded the plaintiff so that he fell from the car and was run over. The jury found for the plaintiff and the Appellate Division affirmed, one of the justices dissenting.

*Charles F. Brown* and *Henry A. Robinson* for appellant. Error was committed in exclusion of evidence. The evidence of why Mr. Julian, the defendant's witness, said he would meet Giblin, the plaintiff's witness, at a certain place, was competent to rebut the inferences to be drawn from the cross-examination of Julian by the plaintiff's counsel. (*McDermott* v. *T. A. R. R. Co.*, 44 Hun, 107; *Hallahan* v. *N. Y., L. E. & W. R. R. Co.*, 102 N. Y. 199; *People* v. *Buchanan*, 145 N. Y. 1.)

*Thomas P. Wickes* for respondent. The defendant's exceptions disclose no error which should avail to reverse the judgment. (*Shorter* v. *People*, 2 N. Y. 193; *City Bank* v. *Dearborn*, 20 N. Y. 244; *Hobart* v. *Hobart*, 62 N. Y. 80; *Cushman* v. *U. S. L. Ins. Co.*, 70 N. Y. 72; *Bardin* v. *Stevenson*, 75 N. Y. 164; *Foote* v. *Beecher*, 78 N. Y. 155; *Ward* v. *Kilpatrick*, 85 N. Y. 413; *Tenney* v. *Berger*, 93 N. Y. 524; *Thorne* v. *Turck*, 94 N. Y. 90; *Townsend* v. *N. F. & M. Ins. Co.*, 4 J. & S. 170.) The inquiry made by defendant's counsel of his witness Julian, as to his object in making an appointment with Mr. Giblin, was immaterial and irrelevant. It did not bear on any issue in the case. (Jones on Ev. § 167.)

*Per Curiam.* We find no reversible error in the record except the following: On the trial Giblin gave evidence in corroboration of the plaintiff's theory of the accident. He further testified that one Julian, who was in the employ of the defendant and investigated the facts of the case in its behalf, attempted to hire him to leave the state until after the trial. Julian emphatically denied this, but stated that while working on the case he sent for Giblin, had an interview with him, and upon his suggestion appointed a time and place for another meeting. The plaintiff attempted by the cross-examination of Julian to show that as a representative of the defendant he had offered Giblin $450 to leave the state; that Giblin had refused to take it; that Julian had then left the room for

the purpose of obtaining authority to give Giblin more money, and being unable to arrange it, had made an appointment to meet him at another place late in the evening when he would be better prepared to " talk business." On both the direct and cross-examination Julian admitted appointing another interview and stated that he had " an object in view " in so doing. On the redirect examination he was asked by the defendant to state what his object was, but the objection of the plaintiff to the question as immaterial, irrelevant and incompetent was sustained, and an exception was taken.

This was an erroneous ruling. The testimony of Giblin tended to show that the defendant did not have an honest and just defense because it had attempted through Julian to bribe an important witness for the plaintiff. After both parties had shown by Julian that he had arranged for a second interview with Giblin, and that he had an object in so doing, the defendant was entitled to have the jury know what that object was, as it might tend to remove a serious imputation upon his credibility and character. It was important for them to consider his explanation as to why he wanted to see Giblin a second time, for it might have rebutted the inference to be drawn from the cross-examination. (*People* v. *Buchanan*, 145 N. Y. 1, 24; *People* v. *Barone*, 161 N. Y. 451, 471.)

The exclusion of Julian's explanation of very damaging evidence is presumed to have resulted in such injury to the defendant as to require a reversal of the judgments below and a new trial, which is ordered accordingly, with costs to abide event.

VANN, J. (dissenting). After a witness has been examined and cross-examined the party calling him may not, as matter of right, re-examine him except as to matters drawn out, in the first instance, on the cross-examination, although the trial court may, in its discretion, allow him to do so. The door was not opened by the plaintiff in his cross-examination of the witness Julian, for the fact that he had " an object in view " in securing a second interview with Giblin was distinctly sworn to

upon the examination in chief. The counsel for the defendant did not see fit to then ask him what his object was, and as the cross-examination brought out nothing new upon the subject it was within the sound discretion of the trial judge to allow, or to refuse to allow him to reopen the subject and ask on the redirect a question which he could have asked on the direct. With such an exercise of discretion by the Supreme Court at the Trial Term, after an affirmance thereof by the Appellate Division, this court has no power to interfere, as its jurisdiction is confined, in civil cases, to the review of questions of law. (*De Camp* v. *Thomson,* 159 N. Y. 444, 449; *Reilley* v. *Delaware & Hudson Canal Co.,* 102 N. Y. 383; *Caldwell* v. *New Jersey Steamboat Co.,* 47 N. Y. 282.)

I think the judgment is right and I vote to affirm it.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur for reversal; VANN, J., reads for affirmance.

Judgment reversed, etc.