SOLOMON ZAUDERER, an Infant, by GEORGE ZAUDERER, His Guardian ad Litem, Plaintiff, *v.* MARKET STREET LONG BEACH REALTY CORPORATION and Another, Defendants.

Supreme Court, Queens County, December 18, 1926.

**Parties — additional parties defendant — action to recover down payment made by plaintiff, infant, on contract for sale of real property — defendants seek to bring in certain parties defendant on ground plaintiff was agent for said parties — defendants not entitled to bring in additional parties defendant where said parties will not be required to respond to defendants for claim which plaintiff is prosecuting, within meaning of Civil Practice Act, § 193 — Civil Practice Act, § 271, not applicable — amendment with respect to demand for damage may await trial of issues.**

Defendants in an action to recover a down payment made by plaintiff, an infant, on a contract for the sale of real property, are not entitled to bring in, as additional parties defendant, certain parties on the ground that said plaintiff was merely an agent for them, since said additional parties,. within the meaning of section 193 of the Civil Practice. Act, can in no way be required to respond to the present defendants for the amount of the claim in whole or in part, which said plaintiff is seeking to enforce should he prevail; the bringing in of parties defendant under section 193 of the Civil Practice Act is predicated on the possibility that the party whom it is proposed be brought in can be or will be required to respond to a defendant already sued for the claim which a plaintiff is prosecuting against them.

Nor is section 271 of the Civil Practice Act applicable for that section contemplates the existence of a joint, not a several, liability owing to a present defendant by a plaintiff and the proposed parties sought to be brought in, which is not the situation here.

The defendants will not be permitted at this time to change their demand for relief from that for specific performance to one for damages as a result of the contract not being carried out, for, the cause having been stipulated for trial before an equity term of the Supreme Court, said court will conform its decree to the situation existing at the time of the trial.

MOTION for reargument of a motion made by defendants, under section 193 of the Civil Practice Act, to bring in certain parties defendant.

*Marcus Klein* [*Benjamin A. Hartstein* of counsel], for the plaintiff.

*Alex. B. Greenberg,* for the defendants.

CARSWELL, J.   This is a motion for a reargument of a motion made by the defendants to bring in under section 193 of the Civil Practice Act certain parties defendant, coincident with the service of an amended answer setting up counterclaims against said new parties.   I will reconsider the whole matter.

The action is one brought for the down payment made by the plaintiff on a contract for the sale of real property.   Plaintiff

claims he was an infant at the time of the making of the contract. The defendants in a proposed counterclaim which they have already pleaded as a defense claim one Kimmelman and one Hartstein were the principals of the plaintiff in the transaction and these defendants seek not only to defeat plaintiff's claim on the ground that he was an agent for Kimmelman and Hartstein, but also seek to obtain a judgment for their damages as a result of the contract not being carried out. They seek to change their demand for relief from that of specific performance to damages. They also seek reformation of the contract by substituting Kimmelman and Hartstein for the plaintiff.

The parties have stipulated to try this case before the court without a jury at the Equity Term. Since a court of equity conforms its decree to the situation existing at the time of the trial, it may without amendment in advance of the trial, award judgment for damages to the party it determines is entitled to specific performance, if in the meantime specific performance is not possible because the property has been sold as is claimed here. No amendment is, therefore, needed at this time with respect to the demand for judgment. Should the service of an amended pleading setting up present defenses as counterclaims and bringing in new parties defendant be allowed?

Considering the application under section 193 of the Civil Practice Act: (1) It is to be noted that the attempted formulation of a workable rule in *May Co.* v. *Mott Avenue Corporation* (121 Misc. 398), referred to in *Kromback* v. *Killian* (215 App. Div. 19), was written when section 193 was mandatory; before the word " may " in subdivision 2 had been substituted for " must " by chapter 250 of the Laws of 1923.

The bringing in of parties defendant under section 193 of the Civil Practice Act is predicated on the possibility that the party whom it is proposed be brought in can be or will be required to respond to a present defendant for the claim (the amount thereof in whole or in part) which a plaintiff is prosecuting against a present defendant. In the case involved herein the parties sought to be brought in will not be required to respond to the present defendants for the amount of the claim in whole or in part which plaintiff is seeking to enforce, should the plaintiff prevail. The same is true if plaintiff fails. There is no basis existing, therefore, for the requiring of the parties sought to be brought in to respond to the present defendants for the amount of plaintiff's claim.

The parties sought to be brought in are not presently unconditional indemnitors of the present defendants for the amount of the plaintiff's claim if it be successfully prosecuted against the

present defendants. This view is also required by *Kromback* v. *Killian (supra)*, where it is said: " The provisions of the section are limited to a person who ' is or will be liable.' ' Will be ' cannot arbitrarily be changed to ' may be.' "

In the situation we are concerned with herein whether the proposed defendants may hereafter be liable to the present defendants is dependent upon the determination of a disputed question of fact and in that event such liability as would accrue against them would not be for the indemnifying of the present defendants against the plaintiff's claim. It would be a liability that would accrue independently only in the event that the plaintiff's claim failed.

The presence of the parties sought to be brought in as parties herein would be of practical value only to the present defendants if the plaintiff fails in his claim which fact establishes the parties sought to be brought in are not present or possible future indemnitors. Accordingly it must be held that this application does not come within subdivision 2 of section 193 of the Civil Practice Act or its predecessor English section upon which it is based. An exhaustive and informing examination of section 193 of the Civil Practice Act and the decisions thereunder (approved in *Travlos* v. *Commercial Union of America*, 217 App. Div. 352) and the sound view to take of that section is to be found in the 1924 supplement of Carmody's New York Practice, pages 60 to 67 and pages 69 to 75.

(2) As to section 271 of the Civil Practice Act, that section fixes the right to bring in additional parties defendant as a matter of initial pleading. Here the pleading sought is as a matter of grace on an application to permit an *amended* pleading. Moreover, that section contemplates the existence of a joint, not a several, liability owing to a present defendant by a plaintiff and the proposed parties sought to be brought in as parties defendant. (*Williams* v. *Tompkins, Inc.*, 208 App. Div. 574.) In the situation we have involved here, the obligation is alternative, either that of the plaintiff or of the proposed new parties defendant. There is no obligation on the part of both of them. There is no joint obligation. Such obligation as exists is several, and exists only as to one of them. This is also true as to the reformation relief sought. This view makes section 193 and section 271 consistent; otherwise a pleading involving several and not joint obligations could be served initially as a matter of right under section 271, which could not be served under section 193 under an order of the court. Hence section 271 of the Civil Practice Act may not be availed of to sustain this application. This is so even if the section applies to an amended pleading served with court permission, which question need not be decided now. The motion is denied.