The National Chautauqua County Bank of Jamestown, Plaintiff, v. Ethel Collopy Reynolds and Others, Defendants.

Supreme Court, Chautauqua County, October 28, 1937.

*Rogerson, Clary & Hewes*, for the plaintiff.

*Phillips & Skinner*, for the defendants.

Swift, J.   Plaintiff is the trustee of a testamentary trust which provided that the income from the trust funds should be paid to A. Harrison Reynolds so long as he should live.   The defendant

Ethel C. Reynolds, in February, 1932, secured a judgment of divorce from her husband, the said A. Harrison Reynolds. That judgment provided that $150 per month from the income of said trust funds should be paid to her for support and maintenance in the event that A. Harrison Reynolds failed to pay the same personally. The plaintiff was duly notified of the interest which this court had given to said defendant in that trust and of the failure of her husband to pay the alimony personally. Wholly disregarding the order of this court, and in violation of its duty as trustee, this plaintiff secured an assignment to itself from its *cestui que trust* of the income which it should have paid to him and his wife.

In June, 1936, Ethel C. Reynolds recovered a judgment in this court against the plaintiff herein for $6,937.76, the amount of the installments of alimony which it had wrongfully refused to pay her. Before the entry of this judgment, but after the commencement of the action in which it was rendered, this plaintiff purchased for $1,200 a deficiency judgment amounting to $9,973.18 recovered by one Anderson against A. Harrison Reynolds and Ethel C. Reynolds. This deficiency judgment resulted from the foreclosure of a mortgage accompanied by a bond upon which Mr. and Mrs. Reynolds were liable.

The plaintiff in the present action, asking for equitable relief, seeks to have this assigned deficiency judgment set off against Mrs. Reynolds' judgment against it.

" Relief in equity by setting off one judgment against another is granted, not of right, but in the exercise of discretion." (*Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468, 473.) That discretion is to be exercised in such a manner as to do equity and prevent injustice. (*DeCamp* v. *Thompson*, 159 N. Y. 444; *Baker* v. *Hoag*, 6 How. Pr. 201.) Where mutual demands do not arise out of the same transaction there should be some inherent equity in favor of the plaintiff to entitle him to a setoff. (*Zogbaum* v. *Parker*, 55 N. Y. 120.)

The plaintiff's claim against the defendant is based upon a deficiency judgment purchased by it at a time when, as the pleadings show, it knew that judgment to be uncollectible. Surely such a purchase was not made as an investment of the bank's funds; it could not have been made legally with the income of its *cestui que trust,* and it would seem, therefore, to have been consummated with an eye to the setoff herein asked.

The defendant's judgment is for alimony. It is a particular fund created by this court for the support and maintenance of a wife. It is " a particular fund, which fund created by equity should have the protection of equity." (*Romaine* v. *Chauncey*, 129 N. Y. 566, 574.)

Courts and Legislatures have been ever watchful to protect the common-law right of a wife to support by her husband. When, as the innocent party, she has secured a divorce, the courts have refused to release the husband from his duty to support. Extraordinary remedies have been granted the wife to insure a speedy collection of the alimony allowed her. Bankruptcy does not wipe out the husband's obligation, and former creditors of the wife cannot reach such alimony. In the *Romaine* case (*supra*) Judge FINCH said (at p. 573): " The plaintiff in his character of receiver for the judgment creditor comes into a court of equity in pursuit of equitable relief, into the same court which devoted the fund to the support of the wife, and should decently respect its own authority, and asks the aid of that tribunal to practically nullify its decree, to abandon its humane purpose, * * * to disregard the public policy which seeks to protect wife and children from the pauper's necessity and fate; and he asks this without a pretense of special equity against the fund and solely on the basis of a hard legal right. I have only to say that I think equity ought not to give him that aid, but that having both the power and the opportunity to prevent the perversion of its purpose and to make effective and protect its own decree, it should avail itself of that opportunity and exercise that power by the simple process of refusing its assistance."

The requirements of equity are made more apparent by a consideration of the results which would flow from the allowance of the setoff here requested. The wife who, despite the support vouchsafed to her by this court, has been compelled for years to be an object of charity, would continue in that role for some time to come. The husband, at no cost to himself, would be relieved from the payment of all alimony past due and for some time to become due. He would also be freed from the lien of the deficiency judgment, having thus rid himself of two judgment creditors without paying his debt to either. The plaintiff for $1,200 would buy itself immunity from liability for its continued disregard of the mandates of the court, and the court itself would pervert and nullify its own decree.

The divorce decree ordered the alimony to be paid out of the income of the trust funds. It was the plaintiff's duty to pay this alimony. (*Wetmore* v. *Wetmore*, 149 N. Y. 520.) Upon its failure to perform that duty this court gave the wife a judgment for past due alimony, and ordered the plaintiff to pay future installments as they should fall due. This judgment dedicated a fund for the support of the wife, and is entitled to the same protection of the court as if it had been awarded against the husband, and " Equity, confining the fund to the purposes of its creation, declines to charge

it with liens which would absorb and consume it." (*Turner* v. *Woolworth*, 221 N. Y. 425, 430.)

The objections of the plaintiff to the receipt in evidence of the agreed facts are overruled, and there being no inherent equity in favor of the plaintiff to entitle it to the setoff demanded, the plaintiff's complaint is dismissed upon the merits, with costs to the defendants.