Elias Aronson, J.
An action was commenced by the service of a summons and complaint by the plaintiff Doctors Sunnyside Hospital against the defendants George Wilson and Louise Wilson for professional services rendered on behalf of the infant son of these defendants, George Wilson, Jr.
The defendants interposed as answer — in effect, a general denial — and counterclaimed for damages allegedly sustained to their son George Wilson, Jr., on their own behalf and on behalf of their son, and in that counterclaim charged negligence. They named the infant son in their caption as a third-party plaintiff. However, no third-party summons was served with the answer and counterclaim. The answer and demand was then forwarded by the plaintiff’s attorneys to the carrier for the plaintiff Doctors Sunnyside Hospital, which, in turn appeared by different attorneys, who, in turn made this application to strike the counterclaim on the ground that George Wilson, Jr., was not a party to these proceedings.
The original action sounds in contract; the counterclaim without the infant sounds in contract. The comiterclaim with the infant named in it, which was in the nature of a third-party action, sounds in tort; there were no opposing affidavits on the motion to strike the counterclaim on behalf of George Wilson, Jr.
The counterclaim omitting the name of George Wilson, Jr., could well have been interposed by the original defendants, and is a valid defense, since practice in our State is so set up that it fulfills the original purpose of counterclaims and setoffs, so that there can be a determination in a single proceeding of all differences between the parties, provided however that the matter involved the same transaction and the same persons.
However, a defendant cannot bring in a new party plaintiff, by way of counterclaim, who is alleged to have boon a principal *15 in an original proceeding. (Zauderer v. Market St. Long Beach Realty Corp., 128 Misc. 364.)
The sole purpose of a counterclaim is to defeat or diminish the demand of a plaintiff, but it must be such a demand, that the defendant in his own right can in his own name bring an affirmative action without bringing in third parties. (47 Am, Jur., Setoff and Counterclaim, p. 748.) (De Camp v. Thomson, 159 N. Y. 444.)
One cannot set off a claim in favor of himself and a third person who is not a party to the action. (47 Am. Jur., Setoff and Counterclaim, p. 750.)
A person who is a party to an action, who is brought in by the original defendant by way of counterclaim, cannot himself counterclaim against the original plaintiff or the defendant. (5 Nichols-Cahill, Civ. Prac. Act, p. 248, published by Lawyers’ Cooperative 1938, citing Street v. Grover [1877] 2 Q. B. D. 498.)
CPLB 3011 and 3019 limit counterclaims to defendants, and a third party cannot be interpleaded except as a codefendant. To bring in a third-party plaintiff as in the instant case requires the issuance of a summons, process or court mandate, so that the court may gain jurisdiction, and CPLB 3019 indicates that jurisdiction must be had in personam before a court can adjudicate in such a proceeding, even though it might have jurisdiction in rem.
In the instant case, the transaction does arise out of the same set of facts, and also involves the same question of law and fact. However, the naming of George Wilson, Jr., here constitutes a misjoinder of parties.
This motion is granted to the extent of striking George Wilson, Jr., from these proceedings as a litigant. The counterclaim, insofar as it relates to claims and defenses of the original defendants, must stand as a valid affirmative defense, since it complies with all statutory requirements. The second caption in the answer is stricken from the papers, and the matter is permitted to proceed as originally captioned with the original parties.