■ MARVIN LANE, Plaintiff, v CARL LIZZA, SR., Appellant, and COUNTY OF NASSAU, Respondent. — In an action to recover damages for assault and defamation, defendant Lizza appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated May 4, 1982, as, upon granting his motion for a default judgment against the additional defendant, County of Nassau, conditioned the entry of judgment upon the county's failure to serve a reply to the counterclaim within 20 days after service upon its attorney of a copy of the order. Order reversed insofar as appealed from, on the law, without costs or disbursements, and defendant's motion granted unconditionally on the issue of liability. Plaintiff, an employee of the Department of Public Works, County of Nassau, commenced this action against defendant Carl Lizza to recover damages for assault and defamation. In his answer, Lizza set forth a counterclaim against the plaintiff and the County of Nassau for trespass and assault and served a supplemental summons, together with the answer, on the county. Two months later, in the absence of any reply to the counterclaim from the county, Lizza moved, *inter alia,* pursuant to CPLR 3215, for entry of a default judgment against the county. The county opposed the motion on the ground that Lizza had failed to obtain leave of court prior to serving the supplemental summons and counterclaim. Special Term granted the motion for a default judgment conditionally by giving the county 20 days to serve a reply to the counterclaim. Lizza appealed from that part of the order which conditioned the entry of the default judgment upon a further failure of the county to reply. Lizza contends that Special Term abused its discretion in failing to grant judgment unconditionally since the county offered no valid excuse for failing to serve a reply. We agree. CPLR 3019 (subd [a]) authorizes counterclaims to be brought against the plaintiff "and other persons alleged to be liable". The defendant properly served his answer on the plaintiff and the county, accompanying it in the latter's case with a summons (CPLR 3019, subd [d]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3019:6, p 221). No court permission for such service was necessary since

CPLR 3019 (subd [d]) fixes the right to bring in additional parties defendant as a matter of initial pleading (see *Zauderer v Market St. Long Beach Realty Corp.,* 128 Misc 364, affd 221 App Div 760). The remedy for the additional defendant, if such a counterclaim is improperly brought, is to move to dismiss it pursuant to CPLR 3211 (see *Williams v Edward DeV. Thompkins, Inc.,* 208 App Div 574; 5 Carmody-Wait 2d, NY Prac, § 31:31). Since the counterclaim was properly interposed, the county's default can only be attributable to law office failure, an unacceptable excuse (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Barasch v Micucci,* 49 NY2d 594). Accordingly, there should be a reversal insofar as appealed from, and judgment entered unconditionally against the County of Nassau on the issue of liability. Lazer, J. P., Mangano, Gibbons and Brown, JJ., concur.